# Burke *v.* Armstrong.

### *Appeal from Order granting Mandamus.*

*County taxes; not payable in warrants.* — In the absence of a special enactment authorizing it, the tax-collector has no authority to receive warrants on the county treasury in payment of taxes due the county, and there is no provision in the Revenue Law of 1868 which gives such authority.

APPEAL from Circuit Court of Lowndes.

Tried before Hon. J. Q. SMITH.

The appellee, the tax-collector of Lowndes county, applied to the circuit court for a *mandamus* compelling the appellant, as county treasurer, to receive in settlement of the taxes of the county, warrants or orders on the treasury, which appellee had collected. On a hearing, the circuit court awarded the *mandamus*, and this appeal is prosecuted for a reversal of that judgment.

STONE & CLOPTON, for appellant.

ELMORE & GUNTER, *contra.*

BRICKELL, C. J. — The statutes require all claims against counties to be presented to the court of county commissioners for allowance. That court is required to audit such claims, and to register such as are allowed in a book kept for that purpose. The claimant receives a warrant on the treasury for the amount allowed. R. C. § 907–9. The county treasurer is required to register and number all claims allowed in the order of

[Burke *v.* Armstrong.]

their presentment, and he is bound to pay them according to such order. R. C. § 926. The purpose of the statutory provisions is, to define clearly the mode of adjusting claims against counties, and to prescribe absolutely the rights of county creditors, and the preferences and priorities to which they are entitled. It is not in the power of the county commissioners, or of any official, to change this mode of adjustment, or to disturb the priorities and preferences of creditors the statutes create. To prevent all interference by such officials, and to remove from them the opportunities of preferring county claims, because of partiality for, or prejudices against creditors ; to avoid the unseemly struggle of county creditors, leading not only to injustice but to official corruption, to procure from the favoritism of the officers priority in payment, was a purpose these statutes propose to accomplish. When a claim has been audited and allowed by the court of county commissioners, it ceases to be the subject of a suit against the county. The only remedy the creditor has for its recovery is a presentation to, and a registration by the treasurer, and then compulsory process against the county commissioners, for the levy of a county tax, so far as they have power to make such a levy, to pay such claims as have been allowed and presented to and registered by the treasurer. *Tarver* v. *Court of Commissioners*, 17 Ala. 527 ; *Falkner* v. *Commissioners' Court*, 19 Ala. 177 ; *Marshall County* v. *Jackson County*, 36 Ala. 613. The rights of creditors thus intervening, it may well be doubted whether a legislative enactment could impair or defeat them. Certain it is, that they are beyond the control of the county officials. Dillon on Munic. Cor. § 41. These statutes being of force, the tax-collector charged with the collection of the county revenues, which are to pass into the treasury and become the fund pledged to creditors for their payment, in the order of their registration, has no authority to receive anything but money in satisfaction of such revenues. If he could exercise such authority, if he could accept in payment county warrants, or claims of any character, there would be but little necessity for a county treasurer, and the order of payment prescribed by the statute could be nullified, and the creditor left without remedy.

The counsel for the appellee has not controverted this proposition, but insists that the last clause of the 52d section of the Revénue Law of 1868 confers on the tax-collector authority to receive warrants on the treasury in payment of county taxes. The section is devoted to the manner and time in which the tax-collector shall account and settle with the state and county treasurer, and concludes, " and in his settlement with the state and county treasurer, shall pay over all gold and silver, United

[Burke *v.* Armstrong.]

States treasury-notes, national bank-notes, notes issued by any bank under the laws of this State, and the warrants on the state and county treasurers received for taxes; and any collector violating any of the provisions of this section shall be guilty of a misdemeanor." Acts of 1868, p. 314. We do not understand this provision as conferring authority on the tax-collector to receive any particular funds, or any particular claims, in payment of taxes, or as defining what he shall receive. Its purpose is to compel him to pay into the treasuries just what he has lawfully received from the tax-payer; to prohibit him from all change of or speculation with the funds he has received from the tax-payer. If it is to be construed as defining the things the tax-collector may receive in payment of taxes, he has authority to receive "notes issued by any bank under the laws of this State." He could receive the notes of all the suspended banks, issued under the laws of this State, and flood the treasuries, state and county, with an irredeemable and worthless paper, thus clogging the whole administration of the government. The only purpose of this clause is to compel him to pay into the treasuries that which he has lawfully received from the tax-payer. There are many counties in the State in which by special enactment particular claims or warrants on the county treasury are made receivable in payment of county taxes. The object of this clause is to compel him, where such enactment exists, to pay over the warrants he has received, and to prohibit him from using other funds received by him in purchasing or obtaining such warrants and applying them in payment of such taxes, and to render him indictable if he should in this respect violate his official duty.

It is not contended that the county warrants were received by the collector in compliance with any special enactment. His authority to receive them is predicated wholly on the clause of the revenue law, to which reference has been made. That clause did not confer the authority, and the county treasurer properly refused to accept them in settling with the appellee.

The judgment of the circuit court is reversed, and a judgment here rendered dismissing the application for *mandamus*.