## No. 661.

### CITY OF SHREVEPORT vs. GREGG & FORD.

It is correctly contended on behalf of plaintiff that taxes are not debts in the ordinary sense of the word, but contributions required of the citizens for the support of the government, and without which it could not be supported, and they can not be seized, sold, or compensated.

The true principle is that taxes are contributions to be paid in money, unless special provision is made that they are to be paid otherwise. Such provision has not been shown in this case. The fact that the city council of Shreveport passed special ordinances permitting certain parties to settle their taxes with claims or judgments against said city, does not confer such right on all the taxpayers.

There is no evidence that the city of Shreveport had authorized taxes to be paid in evidences of debt against the city, and therefore the defendants are not entitled even to the right to pay any part of their taxes in city warrants, which they have not offered to do.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. D. M. Callihan,* for plaintiff and appellee. *T. Alexander* and *N. C. Blanchard,* for defendants and appellants.

HOWELL, J. This is a suit for the taxes of 1874. Defendants pleaded in compensation, to the extent of the tax-bill, a judgment in their favor against the plaintiff, and by amended answer they alleged that the officers of the city have been in the habit of receiving from other taxpayers the larger part of the taxes of 1874 in city warrants, or evidences of city indebtedness, but have refused to credit on defendants' judgment against the city any portion of the tax claimed, which is an unwarranted discrimination ; and they specially pleaded in compensation against the portion of the tax sued for, which is payable in evidences of city indebtedness, so much of their judgment as is necessary to offset the same.

Judgment was rendered in favor of the city for the amount of the tax-bills, with the privilege accorded by law, and reserving to defendants the right to pay a certain portion thereof in city warrants. The defendants appealed, and the plaintiff asks an amendment rejecting. the said reservation.

It is correctly contended on behalf of the plaintiff, that taxes are not debts in the ordinary sense of the word, but contributions required of the citizen for the support of the government, and without which it could not be supported, and they can not be seized, sold, or compensated. 7 An. 194 ; 26 An. 694 ; Cooley on Taxation, 13. By the article 2210, R. C. C., a *debt* can not be compensated which has for its cause aliments declared not liable to seizure. Taxes due a municipal corporation have been declared not liable to seizure, and if they should be viewed as a debt they would not be compensated. But the true principle is that taxes are contributions to be paid in money, unless special provision is made that they are to be paid otherwise. Such provision has not been shown in this case. The fact that the city council of Shreveport passed special ordinances permitting certain parties to settle their taxes with claims or judgments against said city, does not confer such right on all the taxpayers. We find no evidence that the city of Shreveport has authorized taxes to be paid in evidences of debt against the city, and therefore the defendants are not entitled even to the right to pay any part of their taxes in city warrants, which they have not offered to do.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the reservation of the right of defendants to pay $420 of said judgment in the warrants of the city of Shreveport, and as thus amended the judgment be affirmed with costs.