# Turner *et al. v.* Teague *et al.*

*Bill in Equity by Sureties of Tax Collector against Subsequent Mortgagee, to enjoin Action of Ejectment, and to be subrogated to the Statutory Lien in favor of the State.*

1. *Statutory lien on property of tax collector; its nature, and remedy for its enforcement.*—The statutory lien on the property of a tax collector for the payment of "any judgment which may be rendered against him in his official capacity, for State or county taxes," etc., is not a right of property, but merely the right to charge the property of the collector with the payment of his defaults, in priority of subsequent alienations, incumbrances or liens; and for its enforcement there is no legal remedy, but like other liens of which possession is not an element, and for the

[Turner et al. v. Teague et al.]

enforcement of which specific legal remedies are not provided, it can be carried into effect only through a court of equity.

2. *Same; right of sureties to subrogation.*—If the sureties on the official bond of a tax collector pay and satisfy his official default, they will be subrogated, in a court of equity, to the statutory lien in favor of the State, for the purpose of reimbursing or indemnifying them; but the equity of subrogation will not arise until they have made payment of the debt or default of the principal.

3. *Right of surety paying debt of principal to subrogation to judgments in favor of creditor.*—It is also, in this country, the generally recognized equity of a surety, paying the debt of the principal, to be subrogated to judgments or decrees which the creditor has obtained against him, and to the liens which the law may attach to them.

4. *When sureties not entitled to be subrogated to lien against property of principal.*—Where, under an execution issued on a judgment at law obtained against a defaulting tax collector and the sureties on his official bond, in the name of the Auditor for the use of the State, lands of the collector were levied on and sold by the sheriff, and were purchased by the sureties at a sum sufficient to pay off and satisfy the judgment, which they paid, the sheriff executing to them a conveyance, and returning the execution satisfied,—*held*, on a bill in equity filed by the sureties against a subsequent mortgagee, to enjoin an action of ejectment brought against them for the recovery of the lands, to be subrogated to the lien which the State had in priority of the mortgage, and to quiet their title, that the payment made by the sureties to the sheriff was not of the debt of their principal, but of their own debt for the purchase-money, which, when received by the sheriff, was a satisfaction of the execution, a discharge of the bond, and an extinguishment of the lien incident to it, although the only interest obtained by them under the sale was the collector's equity of redemption in the mortgaged premises; and that, therefore, they were not entitled to the relief prayed for.

APPEAL from Cleburne Chancery Court.
Heard before Hon. N. S. GRAHAM.
The facts are stated in the opinion.

SMITH & SMITH, for appellants.

AIKEN & MARTIN and G. C. ELLIS, *contra*.

BRICKELL, C. J.—A statement of the facts of the case is, of itself, decisive of all the questions it is supposed to involve. The appellees, complainants in the original bill, were sureties on the official bond of one Hogan, as tax collector of the county of Cleburne. Hogan failed to pay over or account for taxes due the State, it was his duty to collect. Suit was instituted, which resulted in a judgment against him and the complainants, as his sureties, in the name of the Auditor for the use of the State, in the Circuit Court of Montgomery county, rendered on the 23rd day of December, 1880, for the sum of twelve hundred and twenty-eight 62-100 dollars and costs of suit. While the suit was pending, to secure the payment of a debt to the appellant Turner, Hogan executed a mortgage, conveying certain real estate situate in the county of Cleburne.

[Turner et al. v. Teague et al.]

An execution was issued on the judgment in favor of the State, bearing teste, December 23, 1880, which came to the hands of the sheriff, and on the 17th day of January, 1881, was levied on the real estate contained in the mortgage, and on other real estate, as the property of Hogan. On the fourth day of April, 1881, the sheriff made sale of the said real estate in separate parcels. That covered by the mortgage was sold for the sum of nine hundred dollars, and the other parcel for the sum of two hundred and fifteen dollars. The appellees became the purchasers, paid the purchase-money, and obtained a conveyance from the sheriff, who made return of the execution *satisfied*, the amount of the sales being sufficient to satisfy it, as the amount of the judgment was adjusted and reduced, subsequent to its rendition. The mortgage to Turner was duly recorded before the judgment was rendered. The appellees entered into possession soon after the sheriff's sale, and by themselves or tenants have since had possession. Turner has instituted an action at law for the recovery of possession of the mortgaged premises. The purpose of the bill is to enjoin that action, for the subrogation of the appellees to the lien which the State had in priority of the mortgage, and the quieting of their title.

The statutes attach a lien on the property of a tax collector, from the execution of his official bond, or rather make the bond a lien for the payment of "any judgment which may be rendered against him in his official capacity, for State or county taxes," etc. The lien is not a right of property; it is neither more nor less than a right to charge the property of the collector with the payment of his defaults, in priority of subsequent alienations, incumbrances, or liens. There is no legal remedy for its enforcement; like other liens of which possession is not an element, and for the enforcement of which specific legal remedies are not provided, it can be carried into effect only through a court of equity.—*Dallas County v. Timberlake*, 54 Ala. 412; *Knighton v. Curry*, 62 Ala. 404. If the sureties of the collector pay and satisfy his official default, in a court of equity they will be subrogated to the statutory lien, for the purpose of reimbursing or indemnifying them; but the equity of subrogation will not arise until they have made payment of the debt or default of the principal.—*Knighton v. Curry*, *supra*.

The State could have proceeded in a court of equity for the enforcement of the lien, or it could, as it did, rely on its legal remedies. There was in the collector, and principal in the judgment, the equity of redemption in the mortgaged premises, which was the subject of levy and sale, and in the other premises, there was also an estate or interest, which was, it

VOL. LXXIII.

must be presumed, likewise the subject of levy and sale. Without regard to the nature or quality of such estate or interest, whether it was valuable or worthless, the purchaser of it, in the absence of fraud practiced upon him by a party to the process, was bound to pay the purchase-money, and the purchase-money when paid was *pro tanto* a satisfaction of the execution. The maxim *caveat emptor* has been applied most rigidly to all judicial sales in this State.—*Lovelace v. Webb*, 62 Ala. 271. In *Lamkin v. Crawford*, 8 Ala. 156, a purchaser at a sale under execution, by the marshal of the United States Court, was held liable for the amount of his bid, though the defendant had no title to the property, and by the purchase none was acquired. In *McCartney v. King*, 25 Ala. 681, the plaintiff in execution was the purchaser, and the amount of his bids was applied to the satisfaction of his execution. There was a want of title to the property in the defendant in execution, and the true owner recovered it from the plaintiff. Yet, it was held, he purchased at his own peril, and had no equity to be relieved from the satisfaction of the execution his bids had produced. The appellees were bound to pay the sums bid for the premises at the sale by the sheriff, though the purchases were injudicious; though the principal may not have had title. The bids were paid; the payment was not of the debt of the principal, but of their own debt for the purchase-money. When the purchase-money was received by the sheriff, it was a satisfaction of the execution, a discharge of the bond, and an extinguishment of the lien incident to it. It was the equivalent of a payment of money by the principal, and as effectual; for it was derived from a sale of property supposed to be his, at which the purchaser took the risk of the title.—*McCartney v. King, supra,*

It is generally recognized in this country, as the equity of a surety paying the debt of the principal, to be subrogated to judgments or decrees the creditor has obtained against him, and to the liens the law may attach to them. And there is a like equity, if he pays a bond debt, to be subrogated to the preference of payment which the law may attach to a debt of that dignity. The payment may at law operate a satisfaction of the judgment, and an extinguishment of the bond, but in equity each will be kept alive for his indemnity.—*Knighton v. Curry, supra.* The equity springs from the payment by the surety of the debt, the principal was bound primarily to pay. We repeat, there was here no payment by the sureties of the debt of the principal. The debt was paid by a sale of the right or title, real or supposed, which the principal had in and to the lands. It was this right or title the sheriff sold; all that he could sell legally. The extent of his authority, and that not

the lands themselves, but whatever of interest the principal had in them was the subject of the sale, it is conclusively presumed was known to the purchasers, and they stand as bargainors for, and purchasers of a quit-claim title.

The decree of the chancellor must be reversed, and a decree will be here rendered sustaining the demurrer, dissolving the injunction, and dismissing the bill at the costs of the appellees in this court, and in the court of chancery.