# Williams *v.* Costello.

*Action for Breach of Contract.*

1. *Check or order of third person as payment.*—Where plaintiff, desiring to purchase an overcoat, procured an order for one from a third person, and presented it to the tailor to whom it was addressed, who thereupon took it, and promised to make the overcoat; but, the drawer of the order having failed in business before the coat was finished, refused to deliver it without payment; *held,* that the plaintiff could not recover for a breach of contract, unless the evidence showed that the order was accepted as payment for the debt.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

[Williams v. Costello.]

B. M. ALLEN, for appellant.

MARTIN & McEACHIN, *contra.*

COLEMAN, J.—The case was tried by the court without the intervention of a jury, and the court rendered judgment for the defendant.

It appears from the evidence that plaintiff was indebted to the Western Union Telegraph Company in the sum of thirty dollars, and that the Age Publishing Company was indebted to him in a similar amount. On October 31, 1888, the Age Company, by its agent, gave an order upon the defendant "to make an overcoat for Ed. E. Williams [plaintiff], not to exceed thirty dollars, on *Age* account." The price agreed upon for the coat was $32.50. The coat was made, but defendant refused to deliver it to plaintiff without the payment of the purchase price. The plaintiff insisted that the defendant accepted the order of the Age Company for thirty dollars as so much cash, and in absolute payment to that extent for the coat. The defendant controverted this statement, and insisted that the order was not taken as an absolute payment *pro tanto* for the coat.

Parties *sui juris* can make such contracts as they see proper, provided they do not contravene some statute or public policy. *Prima facie* a debt is payable only in money, but by agreement a debt may be made payable in any kind of property of value. The burden to prove that the creditor agreed to accept anything other than money, rests upon the debtor. The mere acceptance by the creditor from his debtor of a check on a bank, or the obligation of a third person, *without more*, will not be regarded as other than a conditional payment. It requires proof to the effect that the parties understood and agreed that the check or property should be received as a payment, and that it was so accepted, before it will be considered that the check or property was received in absolute payment of the debt. *Born v. First Nat. Bank,* 123 Ind. 78; 18 Amer. St. Rep. 312; *Holmes v. Briggs,* 131 Penn. St. 233; 17 Amer. St. Rep. 804; *Bank v. Buchanan,* 10 St. Rep. 617; *Caldwell v. Hall,* 49 Ark. 508; 4 Amer. St. Rep. 64; *Lowery v. Murrell,* 2 Porter, 280; *Carriere v. Ticknor,* 26 Ala. 575; *Lee v. Fontaine,* 10 Ala. 755; *Pearson v. Thomason,* 15 Ala. 700.

Again, Williams, the plaintiff, can have no greater interest in the overcoat, or claim against the defendant, than the Age Publishing Company would have, if, instead of directing the overcoat to be made for Williams, the order had directed

38

the overcoat to be made for the Age Publishing Company. Such an order, and its acceptance, does not import that the coat, when completed, is to be delivered without payment. The legal effect of the order is, that the Age Publishing Company will be responsible for the payment in money; and the legal obligation to pay is not varied, bcause the order specified that the coat was to be made for a third person, on account of the Age Publishing Company. Both contemplate a payment in money, and under either view the defendant was entitled to retain the coat until he was paid. We think the presumption of law, and the weight of the evidence, are in favor of the defendant; and we agree with the conclusion of the trial court, that the plaintiff was not entitled to recover.

Affirmed.