[Southern Railway v. The State, for the Use of Wilcox County.]

ers, and not the appellee or the commissioners. We have said this much in order that, upon another trial, there may be an orderly contest between the proper parties. And the only matter to be contested is the amount of damages to which the appellee may be entitled for that part of his land proposed to be taken.—Section 2450 of the Code of 1896.

Whether there was a necessity for the road, or a reasonable demand for it, and whether the report of the viewers should be set aside, were not matters to be reviewed by the circuit court. The motion to strike pleas 2 and 7 should have, therefore, been granted. The motion to dismiss the appeal was properly denied.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.

# Southern Railway *v.* The State, for the Use of Wilcox County.

### *Proceeding to Enforce Taxes Due.*

(Decided April 20, 1907. 43 So. Rep. 718.)

*Taxation; Judgment Form.*—The failure of a judgment in the circuit court, on appeal from the assessment of taxes, to describe land and enforce a lien thereon does not render the judgment void, nor is it a matter of which the tax payer can complain. (Construing section 4069, Code 1896.)

APPEAL from Wilcox Circuit Court.
Heard before Hon. N. B. GODBOLD, Special Judge.
Action by the state, to the use of Wilcox county, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

PETTUS, JEFFRIES & PETTUS, and MILLER & BONNER, for appellant.—This proceeding from beginning to end

is purely and strictly statutory. It is essential in order to maintain an action that the defendant either own the property or that it was assessed to defendant. It is universally recognized that in a sale of land for taxes the greatest strictness is required.—*Johnson v. Harper*, 107 Ala. 707; *Bank v. Baker Hill Co.*, 108 Ala. 635; s. c. 84 Ala. 236. The judgment wholly fails to describe the land or to declare a lien thereon.—Section 4069, Code 1896.

HOWARD & JONES, and J. F. THOMPSON, for appellee. —There being nothing in the record to show that appellants pleaded to the jurisdiction of the probate court or made any motion to quash its judgment, the circuit court had jurisdiction to render the judgment appealed from, the trial in that court being de novo.—*Anderson v. Winston*, 136 Ala. 422. The fact that a summary judgment is given by statute for the collection of taxes does not preclude the right to sue for and recover such taxes by ordinary suit.—*Winter v. City of Montgomery*. 79 Ala. 481. A suit by the state for the use of the county is in legal effect a suit by the county.—*State ex rel. v. Ernest*, 123 Ala. 631. The levy in this case is authorized by section 215, Constitution 1901, and by the acts of 1903, pp. 307 and 419. The commissioners' court exercised quasi legislative authority in levying this tax and its decision is not revisable.—*Bank v. Jefferson County*, 119 Ala. 600; *Commissioners' Court v. Bowie*, 34 Ala. 401. The levy was in the constitutional limits for now existing debts.—*Southern Ry. Co. v. Cherokee County*, 144 Ala. 579. The defendant cannot complain of the failure to declare a lien upon the land and no error is shown in the record that a reversal can remedy.—*Harmon v. Siler*, 99 Ala. 306; *Bullock v. Coleman*, 136 Ala. 600; *Parrish v. The State*, 139 Ala. 16.

HARALSON, J.—This is an appeal, not from the proceedings of the probate court,—as erroneously conceived by counsel for appellant,—under section 4046 et seq. of the Code of 1896, providing for a sale of lands for the payment of taxes assessed on them, or against the

owner of them, when the tax collector shall report to the
court, that he has been unable to collect the taxes as-
sessed against such lands, or the owner thereof, without
a sale of the same. It is true, the transcript shows, that
there had been proceedings in the probate court to col-
lect taxes against certain lands, and against defendant,
but that is incidental to this suit and its purposes. Un-
der section 4069, an appeal was taken by defendant from
the probate court proceedings in such behalf, to the cir-
cuit court. That section provides, that when such ap-
peal is taken, it "must be tried de novo, upon an issue
made up under the direction of the court." It also pro-
vides, that if the issue is decided against the defendant,
"the court must render judgment against him and his
sureties in favor of the state for the amount of the taxes,
fees and costs, besides the costs of the appeal; and such
judgment shall be a lien upon the land described in the
decree from which the appeal was taken, which lien,
with a description of the lands, must be declared in the
judgment."

The plaintiff filed a complaint in the circuit court,
claiming of defendant $242.12, due from the defendant
for a special tax for bridges for the year 1905, which
sum was unpaid, and claimed a lien on a certain lot of
land, fully described in the complaint, for said taxes and
interest thereon.

The defendant answered the complaint, challenging
the legality and constitutionality of said tax. The plain-
tiff demurred to these defenses thus set up in said an-
swer, on many grounds, which demurrer was sustained.
This ruling is not insisted on as error. The defendant
then pleaded the general issue to the complaint, and the
trial was had thereon.

The evidence showed without conflict, that there was
duly assessed against the defendant for Wilcox county,
for special bridge tax for 1905, due 1st October, 1905,
$232.81; and that it was due and unpaid; that there was
a levy, by the tax collector, on the property claimed in
the complaint for said special bridge tax, which had
been assessed under an order of the commissioner's'

34

court of said county on the first Monday in June, 1905, fixing the tax of one mill for bridges for the year 1905, besides the one for general county purposes.

We do not understand, that the regularity of this tax, as being within constitutional limits, although at first assailed in defendant's answer, is now challenged. The argument proceeds on the ground, that this tax was sought to be levied by the probate court under the sections of the Code above referred to, and there was no evidence or averment in the pleadings to show that defendant owned any property in the county, or that the probate court had ever decreed any property to be sold in any proleeding against defendant, or that any proceedings were ever had in said court against defendant, or to show any statutory jurisdiction by either the probate or circuit court. It is again insisted, that in the circuit court there appears only a money judgment against defendant, and no lien was declared on the land described in the complaint, for the amount of said taxes.

It appears from the bill of exceptions, that said tax was assessed as a special bridge tax, against defendant, which has not been paid, and that there was a levy on the property claimed in the complaint, and the order by the probate court levying said tax is therein set out.

It is true, that a judgment was rendered against defendant in the circuit court, for the amount of taxes ascertained to be due by it for bridge purposes as levied, but no lien was declared in said judgment with a description of the lands on which it was declared, as provided by section 4069 of the Code of 1896. We have seen, that under that section, the appeal is to be tried de novo, and that a judgment may be rendered against defendant for the amount of the taxes it owes, irrespective of any proceedings in the probate court, further than to show that the tax as claimed, was assessed against defendant.

In *Perry County v. Railroad Co.*, 58 Ala. 564, it was said: "We think it may be affirmed as the result of the foregoing, and a large preponderance of authorities, that taxes levied and assessed become a legal liability on the taxpayer ,that may be enforced by action at com-

mon law, unless the statute gives a remedy that is, in its nature, exclusive."

In *Winter v. City Council*, 79 Ala. 489, it was said: "The lien for taxes is created by law, and is a legal right which exists independently of the remedy for its enforcement."

"The preponderance of authorities establishes, that either debt or assumpsit lies for a recovery of taxes, as debt lies for a sum of money certain, due by statute."— 2 Desty. Tax, § 126; *Meredith v. U. S.*, 13 Pet. (U. S.) 486 (10 L. Ed. 258). "Taxes are a political necessity. If the law raises a promise to pay, that one of its citizens may not obtain the services or goods of another, without compensation, surely it will raise it, that the state may exist. The tax is a personal charge against the citizen, notwithstanding a lien upon the property may be given by statute for its payment."—*Perry County v. Railroad Company*, 58 Ala. 546, 564; *Winter v. City Council*, 79 Ala. 493.

Our statute, section 4069, recognizes the doctrine as thus declared by the authorities, and provides for a judgment against the party owing the tax, independent of any statutory provision for its enforcement. The debt owing by defendant for this tax is not disputed, nor that it was assessed, but it is objected that the judgment did not declare the lien and give a description of the lands on which it was to operate. This, however, is something of which defendant cannot complain. It did it no injury. It was rather, if of any effect as to it, in its interest. The plaintiff could alone complain of this. The omission, certainly, did not render the judgment void.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.