(86 South. 374)

### CITY OF ENTERPRISE v. RAWLS.
### (4 Div. 893.)

(Supreme Court of Alabama.    Oct. 14, 1920.)

1. Municipal corporations ⚫978(3)—May collect taxes by assumpsit.

In the absence of statute prescribing a remedy excluding assumpsit, municipal taxes may be collected through that process.

2. Taxation ⚫527 — "Taxes" or "tax" is used in the sense of money and can be paid only in money unless statute provides otherwise.

Taxes are not debts, do not result from contractual obligations but are contributions for the support of government, and the term "taxes" or "tax" is used in the sense of money—an exaction to be alone discharged in money—and, in the absence of a statute providing otherwise, they can be paid only in money.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tax.]

3. Municipal corporations ⚫978(6) — Judgment against city cannot be urged as set-off against delinquent taxes.

In a municipal corporation's action to recover delinquent taxes, the taxpayer cannot counterclaim or set off the amount of his judgment against the municipality, where the law does not specially authorize such procedure.

4. Municipal corporations ⚫976—Officers not authorized to consent to the crediting of taxes on judgment against city.

A taxpayer's judgment against the municipality cannot be set off against delinquent taxes, and municipal officers are powerless to effect the same result by agreement that the taxpayer credit taxes on the judgment where such officers are not specially so authorized by law.

5. Municipal corporations ⚫226 — Persons dealing with city bound to take notice of limitation of its powers.

Persons dealing with municipal governments or their officers or agents are bound to take notice of the limitation of the powers conferred on or exercisable by such governmental agencies and their administrators.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Assumpsit by the City of Enterprise against J. Rawls for the collection of city taxes. Judgment for the defendant, and the plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449. Reversed and remanded.

The facts sufficiently appear from the opinion of the court. It is stated in brief accounts for appellant that the testimony was undisputed and shows that the defendant, who is the appellee, had an agreement with the mayor and city clerk, who was also the treasurer and tax collector for the several years involved, whereby appellant's claim for taxes was paid by the appellee by the application thereof to a judgment which Rawls had recovered against the city of Enterprise on August 22, 1911, in the sum of $1,270.

W. W. Sanders, of Elba, for appellant.

Assumpsit will lie to collect taxes. 79 Ala. 481; 60 Or. 367, 119 Pac. 487, 41 L. R. A. (N. S.) 734. There is no pretense that the arrangement had the sanction of the city council or other authoritative governing body. Sections 1192, 1199, 1204, 1207. Without this authority, the arrangement was not valid. Taxes are not debts. 37 Cyc. 710, 1233, 1247.

Sollie & Sollie, of Ozark, for appellee. No brief came to the reporter.

McCLELLAN, J. The appellant, a municipal corporation, brought this action in assumpsit against the appellee, a taxpayer therein, to collect municipal taxes for the years 1911 to 1915, inclusive. The only plea was the general issue. There was judgment for the defendant, appellee.

For some reason, not disclosed by the record, the appellant was indebted to appellee for which appellant had given the appellee a note. A receipt, over the signature of the "clerk and treasurer" of the municipality, recites that the appellee's taxes for the tax year 1911 were "paid" by the giving by the appellee of credit on that note for the amount of appellee's taxes for that tax year "and taking judgment [on the note, we interpolate] for the balance in the circuit court * * * as per the agreement on same by the mayor and city attorney representing the city of Enterprise and O. C. Doster representing J. Rawls," appellee. The taxes for the years 1912 to 1915, inclusive, were claimed to be paid, in effect, by a process of crediting their annually accruing amounts on appellee's judgment against the municipality.

[1] No question appears to have been made in the trial court with respect to the appellee's liability for taxes for the tax years stated, though there is evidence to the effect that the sums annually due from the appellee were less than the respective sums claim-

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed in the complaint. The sole defense was "payment" of the taxes annually demandable of the appellee in the manner indicated. In the absence of statute prescribing a remedy excluding recourse to assumpsit, municipal taxes may be collected through that process. Winter v. City of Montgomery, 79 Ala. 481; Southern Ry. Co. v. State, etc., 150 Ala. 527, 530, 531, 43 South. 718; Greil v. City of Montgomery, 182 Ala. 291, 300, 62 South. 692, Ann. Cas. 1915D, 738. We are not advised that any such restrictive provision precludes this municipality from employing assumpsit to collect taxes due it.

[2-5] Taxes are not debts; they do not result from contractual obligations; they are contributions required for the support of the government. Judson on Taxation (2d Ed.) § 452; 37 Cyc. p. 706. Unless qualified in the context, the term "taxes" or "tax" is used in the sense of money—an exaction to be alone discharged in money. Desty on Taxation, p. 6; Galloway v. Town of Tavares, 37 Fla. 58, 19 South. 170, 171; 37 Cyc. pp. 706, 708; 1 Cooley on Taxation, p. 15, and note 2; City of Shreveport v. Gregg, 28 La. Ann. 836, 837. We are advised of no statute, applicable to this municipality, the context of provisions of which would admit of a construction that did or would warrant a taxpayer therein to discharge or pay his taxes in anything but money. It is not, as appears, contended that the taxes demandable for the years 1911 to 1915, inclusive, were paid in money. From considerations suggested by the fact, among others, that taxes, as before defined, are designed and collected solely for the purpose of supporting the governments and maintaining their proper activities and functions, it has been well decided elsewhere that the general rule is that a set-off or counterclaim cannot be interposed in an action for the recovery of delinquent taxes. 37 Cyc. pp. 710, 1233, 1247. Taxes are not "assets which can be seized by attachment or other judicial process, and subjected to the payment of municipal indebtedness. They are not the subject of set-off, either on behalf of the municipality for which they are imposed, or of the collector, or on behalf of the person taxed, as against such state, municipality or collector," unless that process is authorized by law. This is quoted from 1 Cooley on Taxation, p. 20. Supporting authorities are collated in the notes thereto. If the debts of a municipality, held by a taxpayer, cannot be set off against taxes due the municipality—and no such authority is known to this court— municipal officers, as well as municipal governing bodies, are powerless to effect the same result by agreement with the creditor-taxpayer; this because no such power or authority is conferred on them so far as this court is advised. Persons dealing with municipal governments or their officers or agents are bound to take notice of the powers and their limits conferred upon or exercisable by such governmental agencies and their administrators. Gen. El. Co. v. Ft. Deposit, 174 Ala. 179, 183, 56 South. 802.

According to the record now under review, this arrangement, to which appellee attributes his right to the benefit of the character of tax discharge disclosed, was undertaken to be made through officers or agents of the municipality who do not appear to have had any such power or authority. Being without authority to make such an engagement or to validly carry into effect such an arrangement, the agreement to the end designed or the actual accomplishment of it through mere credits and receipts was and is vain. Unless some other defense or bar is shown, the appellee was liable for the true amount of the taxes due the appellant for the years 1911 to 1915, inclusive. Hence, the court, trying the case without a jury, erred in rendering judgment for the defendant, appellee. The judgment is reversed, and the cause is remanded for final ascertainment of the correct amount for which judgment should be rendered.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.