142 So. 529

## WADSWORTH et al. v. STATE.
### 3 Div. 998.

Supreme Court of Alabama.

June 2, 1932.

119

Eugene Ballard and Ball & Ball, all of
Montgomery, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and A. A.
Carmichael, Asst. Atty. Gen., for the State.

FOSTER, J.

▇ Appellant Wadsworth as tax collector
of Autauga county collected taxes, of which,
on February 15, 1930, $1,592.50 belonged to
the state. He deposited funds so collected to
his account in Autauga Banking & Trust
Company. The deposit does not appear to
have been in that bank as a state depositary
to the credit of the state treasurer by au-
thority of section 894, Code. But we as-
sume that the collector made the deposit
in the bank of his choice, and it was a general
deposit, and subject to his check. He had no
legal authority to do this. Its effect was a
conversion of the funds and to fix an abso-
lute liability as for a debt by him to the state.
Alston v. State, 92 Ala. 124, 9 So. 732, 13 L.
R. A. 659; Moody v. Jacobs, 211 Ala. 291, 100
So. 467.

▇ When the tax collector receives money
for state taxes, he is its bailee, and is for-
bidden by law to use the identical money so
collected, except as directed by law. State
v. Houston, 78 Ala. 576, 56 Am. Rep. 59; Ex
parte Cowart, 201 Ala. 55, 77 So. 349. He is
directed by law to transmit such money to
the state treasurer, section 3085, Code, or
deposit it in a state depositary to the credit
of the state treasurer. Section 894, Code.

Not having done either, but having made a
general deposit in bank to his own credit,
he thereby became a debtor to the state.
Having therefore become a debtor, he was
due to pay the debt, as he would to any other

creditor, and his transaction in doing so is governed by the general rules pertaining to the payment of debts.

■■ The check which he sent to the treasurer on the Autauga Bank & Trust Company was not a completed payment. The receipt of a check as a payment is prima facie conditioned upon the ultimate payment of the check. Stanley v. Green, 205 Ala. 225, 87 So. 356; Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292. But, though such check is only prima facie payment of the debt, if the payee of the check accepts something other than money in payment of it, when he could have had money by demanding it, such acceptance constitutes a complete payment thereof so far as affects the liability of the drawer to the payee, for which it was given. Marx & Co. v. Bankers' Credit Life Ins. Co., 224 Ala. 249, 139 So. 421; Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261.

The facts of this case are similar in principle in this respect to the Malloy Case, supra. But for one important difference, that case would probably be authority in this. We observe also that an important statute has been enacted in Alabama as well as in other states, and somewhat similar to one enacted by Congress, in an effort to make a limitation on that principle in respect to federal reserve banks, section 6381, Code; Farmers' & Merchants' Bank v. Fed. Reserve Bank, 262 U. S. 649, 43 S. Ct. 651, 67 L. Ed. 1157, 30 A. L. R. 635; Transcontinental Oil Co. v. Fed. Reserve Bank, 172 Minn. 58, 214 N. W. 918, 61 A. L. R. 474.

We also note that section 9222, Code, has further changed the rule of duty respecting the method of collecting checks. Marx & Co. v. Bankers Credit Life Ins. Co., supra; Jefferson County Bldg. & Loan Ass'n v. So. Bank & Trust Co., ante, p. ——, 142 So. 66.

Not showing that section 6381, Code, applies in this case, it follows that, if the payee of the check here in question were other than the state, or other governmental agency, this transaction would probably be governed by the Malloy Case, supra, and our Marx & Company Case, supra.

■ In the absence of an agreement otherwise providing, or the consent of the creditor to receive some other medium, payment of a debt may be made only in money. Morgan Paving Co. v. Carroll, 211 Ala. 121, 99 So. 640; Williams v. Costello, 95 Ala. 592, 11 So. 9.

■ Particularly is it necessary to pay money in order to discharge the obligation to pay taxes, and the collecting officer is not authorized to accept any other manner of payment. Burke v. Armstrong, 52 Ala. 48; City of Enterprise v. Rawls, 204 Ala. 528, 86 So. 374, 11 A. L. R. 1175.

■ The exact question we have is, whether a debt has been paid to the state, when its treasurer receives a check for the debt, and through its agent accepts a check of the drawee in its discharge but fails to collect it, and when by diligence he could have collected cash on the first check. The authority and powers of particular state officers and agents are determined by law, and this cannot be varied or enlarged by usage or administrative construction. 36 Cyc. 865, 872, 873.

■ The power of the state to contract is a legislative prerogative, and no officer can contract for it without legislative authority, not even the Governor. Such power must be exercised in manner and form as directed by the Legislature. State v. Cobb, 64 Ala. 127, 153 (7); Van Dyke v. State, 24 Ala. 81; Walker v. Chapman, Governor, 22 Ala. 116, 131; Ex parte State, 52 Ala. 231, 235, 23 Am. Rep. 567; Miller v. Swann & Billup, 89 Ala. 631, 637, 7 So. 771; 36 Cyc. 879.

The authority of the state treasurer was to receive cash due it by the tax collector for taxes which he had collected and converted by depositing the money in bank. The state Legislature has given him authority to receive nothing else in payment. Therefore he had no authority to accept one check in payment of another. The checks were only provided as a convenient method of transmitting money. Glenn v. Birmingham, supra. But until the money is received for which the check is given, there is no payment except by agreement. The state has made no such agreement. There is therefore no payment. Such was the judgment of the circuit court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.