148 So. 419

**MONTGOMERY, Superintendent of Banks, v. WADSWORTH.**

3 Div. 50.

Supreme Court of Alabama.

May 25, 1933.

Ball & Ball, of Montgomery, for appellee.

THOMAS, Justice.

The sufficiency of the bill was challenged by demurrer which was overruled.

C. D. Wadsworth, as tax collector, deposited the funds of the state and county in the bank to his credit as such official. It is averred, as to this, that as such tax collector he collected, and deposited in said bank, "taxes belonging to the State of Alabama and taxes belonging to Autauga County, Alabama, and at the time of the closing of said bank there was on deposit of said funds the sum of $1592.50 deposited to the credit of C. D. Wadsworth as tax collector * * * and of said deposit $612.50 was for the State, $245.00 soldier tax, $735.00 school tax, and that said sums so deposited were entirely separate and apart from any deposit said Wadsworth had in the bank in his individual name; that although said bank was not a designated State depository as provided by law claimant did before making said deposit take a bond from said bank with two individuals as sureties guaranteeing the repayment of said deposit and yet said deposit was unauthorized. That said deposits were made by claimant in accordance with the general custom prevailing and without intention of exceeding his authority. * * * and that said bank received said deposits knowing that said deposits were made for the safekeeping of said money until such time as said tax collector was due to pay the same over to the State and County respectively, and knew or should have known that said deposits were unauthorized."

The prayer of the bill was that complainant was entitled to a preferred claim on the assets of the bank being liquidated by the superintendent of banks of the state; that "complainant is entitled to be paid out of the assets of said bank its said claim of $1911.50 or such part thereof as the court may find complainant entitled to and that

said sum be paid by said Superintendent of Banks out of the assets of the said bank before any further distribution is made to the common creditors of said Bank and if complainant is mistaken in the method it has employed to secure this end, then it prays a writ of mandamus," etc.; that "prior to the closing of said bank and on February 17, 1930, he issued a check on said bank payable to the State Treasurer of Alabama in the sum of $1592.50, and that although said check was received by the State Treasurer and deposited in the First National Bank of Montgomery and by it sent for collection to said Autauga Banking & Trust Company which forwarded it New York Exchange to the First National Bank of Montgomery, that said New York Exchange was never paid due to the failure of said Autauga Banking & Trust Company and that the State of Alabama made demand on complainant for the payment of said sum of $1592.50 and did sue complainant for said sum and recovered judgment in the Circuit Court of Montgomery County, Alabama, on June 26, 1931, in the sum of $1592.50 and that on appeal said judgment was affirmed and a penalty and interest added and that said judgment was made final; that on June 19, 1932, complainant paid or caused it to be so paid or same was paid for him said judgment rendered in favor of the State of Alabama to the clerk of the Circuit Court of Montgomery County, Alabama, and paid or caused to be paid or same was paid for him to said clerk the total sum of $1911.50 and paid to the clerk of the Supreme Court the sum of $14.25 in all a total of $1926.25 and that by virtue of said payments claimant is entitled to be subrogated to the rights of the State of Alabama and to the rights of Autauga County in said deposit and that it is entitled to have whatever preferred claim the State of Alabama or Autauga County would have had against the assets of said bank."

The report of the suit for breach of Wadsworth's official bond as tax collector is reported as Wadsworth et al. v. State, 225 Ala. 118, 142 So. 529. Wadsworth then filed the instant bill in equity against the superintendent of banks to establish the right or claim of priority against the bank or its assets by way of subrogation. Green, Supt. of Banks, v. City of Homewood, 222 Ala. 225, 131 So. 897; Montgomery, Supt. of Banks, v. Sparks, Tax Collector, 225 Ala. 343, 142 So. 769; section 3047, Code.

It is declared that, where public funds are deposited in a bank lawfully designated as a depository, and the bank becomes insolvent, there is no prerogative right or preference in the payment of its claims, over the general depositors and creditors of the bank (Limestone County v. Montgomery, Supt. of Banks [Ala. Sup.] 146 So. 607; [1] Green, Supt.

_____
[1] Ante, p. 266.

of Banks, v. City of Homewood, 222 Ala. 225, 131 So. 897; County Court of Calhoun County v. Mathews, Receiver, etc., 99 W. Va. 483, 129 S. E. 399, 52 A. L. R. 751, and notes); that unauthorized or unlawful deposit of public funds in a bank subsequently becoming insolvent creates a trust relationship in funds between the bank and the community, and the prerogative right and lien were enforced in Montgomery, Supt. of Banks, v. Sparks, Tax Collector, 225 Ala. 343, 142 So. 769; Green, Supt. of Banks, v. Homewood, supra, and declined in Limestone County v. Montgomery, Supt. of Banks, supra.

It is provided by section 3973 of the Code of 1923: " * * * But none of the officers herein named shall be criminally liable under the provisions herein contained for depositing the revenue of the state or county, or any money paid into his office or received by him in his official capacity, in a bank if the officer making the deposit in good faith requires, and takes from the bank, at or before making the deposit, good and sufficient security to secure the payment of the funds deposited."

Of this statute it was observed in National Surety Co. v. State, 219 Ala. 609, 612, 123 So. 202, 205, that: "The provisions of section 3973, Code of 1923, as indicated, were under the subject of embezzlement by public officers, and exempt said officers from *criminal liability*, for depositing the revenues of the state or county in a bank in 'good faith' who require and take from the bank 'good and sufficient security.' It will be noted that this provision of the statute does not exempt from civil liability."

The statement of that statute in Montgomery, Supt. of Banks, v. Sparks, Tax Collector, 225 Ala. 343, 345, 142 So. 769, 771, is: "It is uncontroverted that Sparks, as tax collector, deposited state and county funds in the Farmers' State Bank; that said bank was not a designated depository, *and had given no bond for the safe return of the funds* as provided by section 3973 of the Code. It is also undisputed that the officers of the bank knew that said deposits consisted of tax money due the state and county. This was a violation of law on the part of Sparks." (Italics supplied.) The deposits in this case were held illegal in Wadsworth et al. v. State, 225 Ala. 118, 142 So. 529.

The case of Brantley v. Kelly (Ala. Sup.) 145 So. 649,[2] was that of a tax collector who had failed in his duty to collect taxes from certain taxpayers and was charged therewith on his final settlement; was required to pay, and did so discharge the claim of state and county; held subrogated to the superior right of the sovereign. The right there enforced was given the official tax collector under the

provisions of the Revenue Code, § 377, Acts 1919, pp. 282, 448, § 412 (see, also, 60 C. J. pages 711, 712, 785); and observation was made in recognition of the right of subrogation in a proper case.

■ It is insisted that the payment of the judgment by Wadsworth or his sureties had the effect at law of extinguishing the same (Preslar v. Stallworth, 37 Ala. 402); that this is not the rule in equity, as affecting secondary rights that may be asserted and protected by way of subrogation and indemnity (Turner v. Teague, 73 Ala. 554, 557). It is true that subrogation "does not depend upon contract, but has its foundation in natural justice" (Knighton v. Curry, 62 Ala. 404) when the debt or superior lien has been fully paid (Corinth State Bank v. First Nat. Bank of Florence, 217 Ala. 632, 117 So. 216; Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843; Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220; Atherton v. Tesch, 202 Ala. 448, 80 So. 832). That is, elements of subrogation are that it is a valuable right that touches the one who owns it and invokes the application or seeks the substitution in that ownership, and that the claim against the debtor or superior lien holder has not been waived (60 C. J. 711, § 23; 712, §§ 24, 25; Shaddix v. National Surety Co., supra) when the debt or superior lien has been fully paid by him who would substitute (United States Fidelity & Guaranty Co. v. First Nat. Bank of Lincoln, 224 Ala. 375, 140 So. 755).

This is based on the fact that the person making the payment is a third person in respect to the original debt, and is secondarily liable for the debt or for the discharge of the superior lien.

■ In this case the official had illegally deposited state and county funds in a non-depository bank, but with surety for the forthcoming of the public funds when draft was duly made therefor. And payment was denied on such due application. He and his sureties responded to that failure and fully paid the judgment. As between the contracting parties the primary duty to pay was on the bank and its sureties; the liability of the latter suretyship is secondary, and dependent on the primary duty to pay of that depository bank and its sureties. National Surety Co. v. State, 219 Ala. 609, 612, 123 So. 202, and authorities; United States Fidelity & Guaranty Co. v. First Nat. Bank of Lincoln, 224 Ala. 375, 140 So. 755.

The question of prerogative power of the county for a preference is not specifically raised by demurrer. If so, it would be unnecessary for decision for reasons now to be stated.

In the case of Montgomery, Supt. of Banks

---

[2] Ante, p. 47.

v. Sparks, Tax Collector, 225 Ala. 343, 142 So. 769, the petition was in equity *by the state* in its own behalf, and by the state for the use of Clay county, and by O. D. Sparks, as tax collector for the use of the state and the county; held the bill was properly maintained. The case of Green, Supt. of Banks, v. City of Homewood, 222 Ala. 225, 131 So. 897, was a suit by the superintendent of banks for judgment of disallowance of the claim of the state as a preferred claim; objection sustained being by the city of Homewood. The suit in National Surety Co. v. State, 219 Ala. 612, 123 So. 202, was by the state against the official depositing, in a failing bank, state and county funds, and his sureties, and presented no question of "lien in favor of State or other governmental agencies." And the petition in equity by Limestone county, in Limestone County v. Montgomery, Supt. of Banks (Ala. Sup.) 146 So. 607,[1] was for preference of payment of a legal deposit, out of the assets of a bank in the process of liquidation. There is no case in this jurisdiction where the official had been sued to judgment for an unlawful deposit, paid the judgment, and was permitted reimbursement as a preferred claim over general creditors of a bank in the process of liquidation.

It is established that a court of equity *will not lend its aid to a litigant who has been guilty of reprehensible or illegal conduct* directly connected with the subject-matter of the litigation and its immediate circumstances entering into the transactions before the court. Anders v. Sandlin, 191 Ala. 158, 67 So. 684; Galliland v. Williams, 181 Ala. 173, 61 So. 291; 60 C. J. pp. 708–724; 4 A. L. R. 48, et seq. The fact that the deposits of public funds, state and county, were made by and in the name of the official of the county, and that this bill is filed by the individual who was such official, will not remove the case from the condemnation of the foregoing general rules as to subrogation.

We think there was error in overruling the demurrer to the bill for the reason that it was Wadsworth's illegal deposit that was paid; that this action had not the effect and was not the effort of the state to enforce a prerogative right—he was only a common creditor.

The decree of the circuit court is, therefore, reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] Ante, p. 266.