**SALMON v. STATE OF ALABAMA et al., for Use and Benefit of UNITED STATES FIDELITY & GUARANTY CO. et al.**

No. 7597.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1936.

Wm. Hugh McEniry, of Bessemer, Ala., for appellant.

F. W. Davies, of Birmingham, Ala., and Thos. T. Huey, of Bessemer, Ala., for appellees.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is a suit brought in the name of the state of Alabama, Jefferson county, Alabama, and three municipal corporations of the state and county, against Jacob A. Salmon, receiver of the City National Bank of Bessemer, Ala., for the use and benefit of the United States Fidelity & Guaranty Company and Sam T. Huey, deputy probate judge of Jefferson county, and by the Guaranty Company and Huey individually, on a cause of action which may be stated as follows:

J. P. Stiles was judge of probate of Jefferson county, Ala. Sam T. Huey was deputy probate judge of the said county. Huey made deposits of funds, that came into his custody officially, in the First National Bank, to the credit of Stiles as probate judge. To secure the deposits the bank executed a bond to Stiles in the penal sum of $10,000 with the Guaranty Company as surety. The bank failed and closed its doors on December 23, 1930. Salmon was appointed receiver and eventually declared a dividend to depositors of 25 per cent. At the time the bank suspended there was to the credit of Stiles the sum of $18,559.45. Of this amount $9,632.01 was the property of the state of Alabama, $3,876.49 was the property of Jefferson county, and the balance was the property of other political subdivisions of the state and certain designated individuals. On demand of Stiles the penal sum of the bond was paid over to him by the surety and was subsequently distributed to the parties entitled to it. Huey made good the balance of the deposit which was also

properly distributed. Assignments were executed by Stiles to the Guaranty Company and Huey. Both Huey and the Guaranty Company claimed subrogation to the rights of the state, the county, and other parties entitled to the funds on deposit. The suit was brought on their behalf as subrogees to enforce a lien on the assets in the hands of the receiver.

The District Court found as facts that at the time the receiver was appointed assets came into his hands in excess of the amount of the deposits; that the bank was not a designated depository for the funds and the deposit was illegal to the knowledge of the officers of the bank; that the fund had been traced into the assets in the hands of the receiver, which assets had been augmented to the extent of the deposit.

The District Court held that the deposit was a trust fund; that the bond was an official bond authorized by section 3973, Alabama Code, intended for the protection of owners of the funds deposited and not for the indemnity of the probate judge; that the surety on the bond was subrogated to the rights of true owners of the deposit and entitled to be paid by preference out of the assets in the hands of the receiver.

A decree was entered in favor of the Guaranty Company in the amount of $7,500, recognizing its lien on the assets in the hands of the receiver and ordering the amount paid forthwith. This appeal followed. Huey was denied recovery and has not appealed.

Appellant does not challenge the findings of facts by the District Court above set out nor the conclusions of law that the deposit was illegal and became a trust fund. He concedes that a surety paying the debt of his principal is subrogated to the rights of the creditor, but contends that in this case the judge of probate was the creditor and not the state and her political subdivisions. He further contends that since the deposit was unauthorized, the bank, the surety on the bond, and the depositor were all parties to a wrongful act, and since Stiles was not entitled to subrogation the Guaranty Company is in no better position. In support of this, reliance is had on the cases of Montgomery v. Wadsworth, 226 Ala. 667, 148 So. 419, and Montgomery v. Ward, 227 Ala. 641, 151 So. 583.

In the cases just cited the official had not exacted a bond under the provisions of section 3973 of the Alabama Code. While it was held the tax collector making the illegal deposit was not entitled to subrogation to the rights of the state, the decision was upon the ground that he was guilty of a wrongful act and could not recover because he did not come into a court of equity with clean hands. Apparently, there is no decision by the Supreme Court of Alabama dealing with the right of a surety on a bond given under the provisions of section 3973 Alabama Code, to be subrogated to the rights of the owners of the fund. However, in Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220, the surety on the official bond of the tax collector was held to be subrogated to the rights of the state in enforcing a claim against the property of the tax collector.

It is true that in Alabama a probate judge is not authorized to deposit public funds in a bank in his own name. If he does so and the money is lost through failure of the bank and not made good by him, he is guilty of embezzlement, unless the deposit was made in good faith and he had exacted sufficient security for the payment of the funds deposited, under the provisions of section 3973, Alabama Code. The taking of the bond would not relieve him of civil liability and the deposit would still be unauthorized and illegal. The situation is different in respect of the surety. The probate judge was not the owner of the funds, and clearly the bond was intended to indemnify the true owners in the event of default by the bank. The bond given under the provisions of the statute had the sanction of law and the surety could not be charged with any wrongdoing.

We agree with the District Court that the surety on the bond having paid over the penalty of the bond, which money was subsequently distributed to the state, the county and its political subsidiaries would be entitled to subrogation to the rights of the owners of the fund and not restricted to such rights as the probate judge might have. The following authorities sustain this conclusion: Minshull v. American Surety Co., 141 Wash. 440, 252 P. 147; Bramwell v. U. S. Fidelity & Guaranty Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368; Coahoma County v. Mississippi Fire Ins. Co. (C.C.A.) 68 F.(2d) 489.

The record presents no reversible error.

Affirmed.