66 453
184 552

# Atkins *v.* Siddons.

*Prohibition from Circuit Court to Justice of the Peace.*

1. *When prohibition lies.*—The writ of prohibition is designed to prevent the usurpation of jurisdiction by the inferior court or tribunal to which it is directed, and is never awarded, even in cases of usurpation or abuse of power, unless other remedies are inadequate or inapplicable; nor will it be granted to prevent acts which are purely ministerial.

2. *Same.*—A prohibition will not be issued by the Circuit Court to quash, or prevent proceedings under an execution, improperly issued by a justice of the peace; because, whether the writ be void or voidable, the party injured by it has an adequate remedy by motion to quash before the justice; and for the further reason, that the issue of an execution is purely a ministerial act.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. LUTHER R. SMITH.

This case originated in a petition filed by the appellee, Gilbert L. Siddons, praying for a writ of prohibition from the Circuit Court, to quash and prevent proceedings under an execution, issued by a justice of the peace, in favor of W. T. Atkins, and against said Siddons. Said Siddons had instituted an action of detinue, or statutory action in the nature of detinue, before said justice of the peace, against said Atkins, to recover the possession of an iron safe; and the property had been delivered to him, on the execution of the necessary statutory bonds, the defendant having failed to give bond for the forthcoming of the property. On the trial before the justice, the defendant moved to dismiss the suit for want of jurisdiction, on the ground that the safe was worth more than $50; and the evidence adduced showing that the safe was worth $80, the justice sustained the motion, and dismissed the suit for want of jurisdiction. Afterwards, the safe not having been returned to the possession of the defendant, an execution was issued by the justice, at his instance, against said plaintiff, for $85, the value of the safe, and costs; which execution the plaintiff sought to quash, and to prevent the levy, or other proceedings under it, by the prohibition prayed for. There was a demurrer to the petition, which the court overruled, and awarded the writ as prayed; and its judgment, from which this appeal is sued out, is now assigned as error.

J. W. BUSH, for appellant.

J. T. JONES, *contra.*

SOMERVILLE, J.—The writ of prohibition is an extraordinary judicial writ, issuing from a superior to an inferior court, and designed to prevent such inferior tribunal from usurping jurisdiction with which it is not constitutionally or legally vested, or to which it has no legal claim.—High on Extr. Rem. § 762. It is, however, never allowed, even in cases of usurpation or abuse of power, unless existing remedies are inadequate or inapplicable. It is always a good reason for withholding the writ, if the party aggrieved has another and complete remedy at law, by which the desired end can be satisfactorily and fully accomplished.—*Ib.* §§ 767, 770; *Ex parte Greene & Graham*, 29 Ala. 52; *Ex parte Peterson*, 33 Ala. 74.

The appellee, we think, had an adequate and plain remedy, in the present case, by motion to quash the execution issued against him by the justice. Whether such process be void absolutely, or merely voidable, a motion to quash would lie in the justice's court, on the defendant in execution giving his adversary reasonable notice of the intended application, and of the grounds on which it is based, provided the matter be prosecuted without unreasonable delay.—Freeman on Ex. §§ 73–76.

The writ was improperly granted in this case, for another adequate reason. It can never be invoked to prevent proceedings which are purely ministerial in their nature, but only those which are of a judicial character. The issue of an execution by a justice of the peace is a ministerial, not a judicial act; and the writ of prohibition will not, therefore, lie to prevent its issue, however illegal or unauthorized, and whether such process be void or voidable.—High on Extr. Rem. § 769; *Kyle v. Evans*, 3 Ala. 481; *State v. Clark Co. Court*, 41 Mo. 44; *Ex parte Brandlacht*, 2 Hill, 367. In the latter case, COWEN, J., says: "The office of a prohibition is to prevent courts from going beyond their jurisdiction in the exercise of judicial, not ministerial power. Otherwise, we might be called on to send the writ whenever a justice of the peace was about to issue civil or even criminal process irregularly;" the very case now confronting us in the present instance.

The Circuit Court erred in granting the writ; and the judgment is hereby reversed, and judgment is here rendered, dismissing and vacating the whole proceeding had in that court.