# State *ex rel.* Turner *v.* Bradley *et al.*

### Application for Writ of Prohibition.

1. *Writ of prohibition; when issued.*—The office of a writ of prohibition is to restrain inferior courts or tribunals from unauthorized judicial acts, and it can not be issued to prevent the performance of ministerial acts, although performed by the judge or presiding officer of an inferior tribunal.

2. *Writ of prohibition will not be issued to restrain judge of probate from ordering an election to determine the establishment of a stock law district.*—Under the act "to provide and establish a stock law for Lamar and Fayette counties," (Acts of 1898-99, p. 689;) the duties imposed upon the probate

judge of Lamar county in ordering an election in any of the precincts of said county to ascertain whether or not the majority of the residents of said precinct desire a stock law, are ministerial; and, therefore, said probate judge can not be restrained from entering such order by writ of prihibition.

APPEAL from the Circuit Court of Lamar.

Tried before the Hon. S. H. SPROTT.

The proceedings in this case were instituted by an application filed by the appellants and addressed to the Judge of the Sixth Judicial Circuit asking for a writ of prohibition to restrain the respondent, R. L. Bradley, judge of probate of Lamar county, from ordering an election of the land owners of precinct No. 1 of Lamar county, to ascertain whether or not a majority of the residents of said precinct desired a stock law therein. On the submission of the cause there was judgment rendered denying the prayer of the petition and dismissing it. From this judgment an appeal is prosecuted, and the rendition thereof is assigned as error. The facts of the case are sufficiently stated in the opinion.

NESMITH & NESMITH, and W. A. YOUNG, for appellant, cited, *Merlette v. State,* 100 Ala. 42; *Salm v. State,* 89 Ala. 56; *Pierce v. State,* 89 Ala. 177.

FOSTER & OLIVER, *contra.*—The functions of the probate judge in the performance of the duties imposed on him by the act approved February 8, 1899, are purely ministerial, and the writ of prohibition does not lie to restrain his acts thereunder.—*Kyle v. Evans,* 36 Ala. 481; *Atkins v. Siddons,* 66 Ala. 453; *Ex parte The State* 89 Ala. 177; *Seymour v. Almond,* 75 Ga. 112-16; Encyclopedia of Practice 1102.

TYSON, J—Appeal from judgment denying writ of prohibition and dismissing the petition.

The relief sought by this proceeding is to restrain the probate judge of Lamar county from entering an or-

der upon a petition filed in his office by twenty-five *bona fide* residents of election precinct No. 1 of that county stating that they desire an election in such precinct, to ascertain whether or not a majority of the residents of said precinct desire a stock law, etc By virtue of the act entitled an act "To provide and establish a stock law for Lamar and Fayette counties," (Acts 1898-99, p. 689)., upon the presentation of such a petition to the judge of probate, accompanied with a deposit of a sufficient sum of money to defray the expenses of the election desired, it is made his duty to file it in his office and to indorse upon it an order that an election shall be held in the precinct, designated in the petition, on a day to be named in the order, not less than forty days from the date of filing such petition; also to cause a notice to be inserted in some newspaper published in the county of the time and place of holding such election.

The primary question presented is whether the duties imposed upon the judge of probate are of a purely judicial nature or whether they are merely administrative or ministerial. If of the latter class, although required to be performed by a judge of a court, a writ of prohibition will not lie. "The proper office of a writ of prohibition is to restrain inferior courts or tribunals from unauthorized judicial acts, and it cannot be used to prevent performance of ministerial acts, although performed by the judge or presiding officer of an inferior tribunal."—16 Ency. Pl. & Pr. p. 1102. This principle was clearly recognized and enforced in the case of *Ex parte The State, in re Pierce*, 89 Ala. 177, where it was held that this court will not award a prohibition to the presiding judge of the city court of Montgomery, to annul or prevent action under an illegal order for the discharge of a convict before the expiration of the term prescribed by his sentence, such order being a ministerial act. In that case, before the judge could determine upon the doing of the act he was requested to do. he had to ascertain that the person making the application was the identical person whom he had theretofore sentenced to perform hard labor to pay fine and costs, the number of days the applicant was to labor to

pay the fine, and that he had labored those days, as well as the amount of the whole costs and the amount of such costs upon the payment of which the applicant was entitled to his discharge. Notwithstanding, it was incumbent upon the judge to ascertain the existence of all these matters before he could act upon the application presented to him, this court held, in consonance with previous decisions, that he, in certifying to the convict's right to a discharge, performed simply a ministerial act. See also *Kyle v. Evans,* 3 Ala. 481 : *Atkins v. Siddons,* 66 Ala. 453; *Grider v. Tally,* 77 Ala. 422; High on Extr. Leg. Rem. § 769. In *Ex parte Braudlacht,* 2 Hill, 367, cited approvingly in *Atkins v. Siddons, supra,* the relator, who was a defendant in the marine court, removed the cause by *certiorari* to the superior court. Afterwards the plaintiff in that case applied to one of the justices of the marine court for an execution, offering as security the refunding bond required by the statute. The defendant thereupon applied to a circuit judge to allow a writ of prohibition which he declined. It was insisted that the statutes gave power to order execution to the superior court only. Also, that the bond was not in the form required by the statute. The court said: "If all jurisdiction were taken away from the marine court by the *certiorari,* and the power to issue execution confided by the statutes to the superior court only, then the act of the marine court would be irregular and void; and, if it were judicial, prohibition would lie. But it is not judicial : and we might as well be called on to prohibit a sheriff from executing a writ of replevin, because he had not taken a bond. The office of a prohibition is to prevent courts from going beyond their jurisdiction in the exercise of *judicial,* not *ministerial* power.   *   *   There is no color for saying that the act of issuing an execution is judicial. The refunding bond is to be in a certain form; and if the security is satisfactory, the courts have no more discretion in granting or denying the execution than would a clerk   *   *   in a court of record, after the expiration of the thirty days from the rendition of judgment."

[Dorsey v. State.]

We have but to apply these principles to the acts required of the judge of probate against whom the writ of prohibition is sought in this case, to see that he is not required to perform any judicial act, but that the duties imposed are purely of a ministerial nature. This being true, we must decline to review the question, whether the judge of probate in undertaking to perform the act complained of, was right or wrong. This proceeding being inappropriate to raise that question, it is not in the case.

Affirmed.