# Goodwin, Judge, *et al. v.* State, *ex rel.* Wakefield, *et al.*

## *Writ of Prohibition.*

(DECIDED JAN. 31, 1906, 40 So. REP. 122.)

1. *Prohibition; Testing Right to Public Office; Other Remedies Adequate.*—Since § 3420 of the Code of 1896, furnishes a plain and adequate remedy for testing one's right to hold a public office, prohibition does not lie.

2. *Same; County Commissioners Action; Awarding Contracts.*—Prohibition will not lie to restrain the court of county com-

missioners from proceeding to have a bridge erected, contract for which had already been let, as the act of passing a warrant or claim therefor is ministerial.

3. *Same; Courts; Jurisdiction; Statutes.*—Section 2 of Acts 1901, p. 107 is not repealed or amended by Acts 1901, p. 1112, and the judge of the Walker county law and equity court has authority to issue writs of prohibition.

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

Petition for prohibition on the relation of the State by Wakefield, et als. against Goodwin, Judge of Probate, and three members of the board of county commissioners. The first allegation of the petition is that Goodwin, as judge of probate, together with Brown, Wright and Doughty, have illegally and without authority of law constituted and made themselves a court of county commissioners of Fayette county, and that said Goodwin and Doughty do not constitute a quorum to organize a legal commissioner's court. The second proposition is that Wright and Brown are illegally usurping and exercising the duties, privileges and functions as commissioners of Fayette county, in that they had never been legally elected or appointed as such officers. The third proposition is that the commissioners court of Fayette county has illegally and without authority of law contracted for the construction of a steel bridge costing upwards of two thousand dollars, payable out of the county bridge funds, which fund is raised by taxation; and that they have let the contract to Dobson for the construction of the bridge, who has not given bond for the faithful performance of the contract as provided by law. The fourth proposition states when the regular term of the commissioners court of Fayette county must be held, when the regular business of the county must be transacted, together with the necessary adjourned and special term, and alleges that the contract was made and entered into for the construction of the bridge at a June term when no special or adjourned term had been called and at which time the powers of the court were limited to duties in reference to taxes. The fifth proposition is that the bridge was hastily located, that the bridge was

in such a place that it was of no benefit to tax-payers, and that it was a fraud upon them, and that the court as now constituted was about to draw warrants on the treasury for the payment of the contract. The prayer was first, to restrain Brown and Wright from further exercising any of the duties, powers or functions belonging to the commissioners of the commissioners court of Fayette county; and, (2nd) to restrain the court from further proceedings for passing any claims relative to the construction of the bridge, or issue warrants for the payment of the contract. The rule *nisi* was issued by the judge of the Walker county law and equity court directing the clerk of the circuit court to issue an order requiring the respondents to appear at the next term of the circuit court of Fayette county to answer the rule, and restraining them from proceeding further until the hearing. From this order, the respondents appeal.

J. J. MAYFIELD, for appellants.—It is a principle of universal application which lies at the very foundation of the law of prohibition that the jurisdiction to issue is strictly confined to cases where no other remedy exists, and a sufficient reason for withholding the writ is that the party agrieved has another and complete remedy at law.—High Ex. Rem. § 770. It is closely allied to the equitable writ of injunction.—Ib. § 762. The writ will not go to a subordinate tribunal in a case arising out of its jurisdiction until the want of jurisdiction has first been pleaded in the court below and the plea refused.—Ib. § 773.

SHERER & COONER, for appellee.—The judge of the Walker law and equity court had authority to issue the writ.—*Stiles v. Tennessee.Coal & Iron Co.*, 129 Ala. 671, 30 So. Rep. 909; *Ex parte Campbell*, 130 Ala. 171, 30 So. Rep. 385; Acts 1900-1, p. 107. Under the allegations of the second paragraph, the writ was properly issued.—*Lee v. The State*, 49 Ala. 43; *Ex parte Campbell, supra.* Under the allegations of the petition, Brown and Wright were usurpers.—*Ex parte Rountree*, 51 Ala. 42. The court was without jurisdiction of the

subject matter on which it acted at the time of such action, without reference to whether it was a legal court or not.—Sections 397 and 398, Code 1896; *Ex parte Smith*, 23 Ala. 94; *Ex parte Hill*, 38 Ala. 429; 11 Cyc. 391. The issuance of the writ rests in the sound discretion of the court and its exercise will not be disturbed unless it clearly appears that it has been abused.—16 A. & E. Ency of P. and P., p. 1109; *Smith's case, supra; Ex parte Walker*, 25 Ala. 81; *Ex parte Graham & Green*, 29 Ala. 52. Where the inferior tribunal has already acted without authority, it is unnecessary to appear before such tribunal and make objection before asking for writ, and when such tribunal attempts to follow up and enforce its void proceedings to the injury of any individual tax-payer, he may be granted a writ of prohibition.— *Stiles v. Tennessee Coal & Iron Co., supra; Birmingham Railway Co. v. Birmingham Traction Co.*, 121 Ala. 471; *Hill v. Tarver*, 130 Ala. 592. Two usurping strangers sitting with the board renders its acts void.—*Ex parte Rountree, supra*. The writ of prohibition may be granted upon the application of a stranger.—16 Ency. of Pl. & Pr., p. 1134. Petitioners as tax-payers properly bring this action.—11 Cyc. 583-4; *Perry County v. Perry County Medical Association*, 128 Ala. 57.

ANDERSON, J.—The petition in the case seems to be filed in a double aspect. It starts off by attacking the right of two of the commissioners to exercise the duties of the office, upon the ground that they have no right to hold the same and are usurpers. The prayer for the writ, which is doubtless based upon the above contention, is that they be restrained from exercising any of the duties or functions pertaining to the court of county commissioners. It would therefore appear that the evident purpose of the first ground of the petition is intended for the sole purpose of testing the right of these two commissioners to hold office, and for which a plain and adequate remedy is given.—Code 1896, p. 966, C. 94, § 3420.

"Prohibition is an extraordinary writ, only to be resorted to when its exercise is necessary to give a general

superintendence and control of inferior jurisdiction; never to be restorted to except in cases of usurpation and abuse of powers, and not then unless other remedies are ineffectual to meet the exigencies of the case."—*Ex parte Greene,* 29 Ala. 52; High on Ex. Remedies, 763. "The writ can only issue where there is some court or person to whom it may be addressed and against whom it may be enforced, and there must be some pending cause in the court sought to be restrained upon which the writ of prohibition may operate."—23 Am. & Eng. Ency. Law, 197. It is true the petition avers the improper letting of a contract to build a bridge; but the first prayer asks no relief as to that, but simply seeks to prohibit two of the commissioners from a general discharge of official duty in the future.

The second ground of complaint of the petition is that the commissioners illegally contracted to build the bridge at a meeting not authorized by law. Conceding, without so deciding, that this is a judicial act, and, if done at a time not authorized by law, would be void.— (*Ex parte Branch & Co.,* 63 Ala. 383), the petition shows, however, that the deed has been done, and we understand that the writ is intended to prohibit the performance of a judicial act, not to quash a judgment or order already made or rendered, although void. While the petition charges the illegal letting of the contract, the prayer in reference to this phase of the case seeks to enjoin the commissioners' court from proceeding further with the construction of the bridge and that they be restrained from issuing or drawing a warrant for same. The petition shows that the contract to build the bridge has been let and that the construction is with Dobson, and not the commissioners' court. The issuance of the warrant and allowance of the claim is a ministerial act. —*Commissioners' Court v. Moore,* 53 Ala. 25. "Prohibition is to restrain judicial, and not ministerial, acts though performed by judges."—*Ex parte State,* 89 Ala. 177, 8 South. 74; *Atkins v. Siddons,* 66 Ala. 453.

Section 2, p. 107, Acts 1901, gives the judge of the Walker county law and equity court authority to issue the writ of prohibition, and said section was not amend-

[State *ex rel.* Brown v. Porter *et al.*]

ed or repealed by the act on page 1112 of said Acts. The order of the rule *nisi* was improvidently made, and the order of the judge is reversed, and one is here made denying relief.

Reversed and rendered.

TYSON, DOWDELL, and SIMPSON, JJ., concur.