(131 So. 436)

## TURK v. COUNTY BOARD OF EDUCATION OF MONROE COUNTY.

I Div. 622.

Supreme Court of Alabama.

Dec. 18, 1930.

J. D. Ratcliffe, of Monroeville, for appellant.

L. S. Biggs, of Monroeville, for appellee.

GARDNER, J.

Plaintiff, a minor and public school pupil, seeks damages from the county board of education of Monroe county, for personal injuries received as a consequence of the alleged negligent conduct of the school bus driver while plaintiff was upon the school grounds.

We are of the opinion the demurrer to the complaint was properly sustained.

The county board of education has been designated as a quasi corporation, an independent agency of the state for the purposes enumerated in the statute. Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774. "In this country it is regarded as the duty of the state to establish and maintain at the expense of the tax payers a system of education for all children who live within its limits, and if, for purposes of convenient administration, this duty is delegated to the municipal corporations of the state, or to quasi corporations formed for the purpose, the duty is still public and governmental, and such corporations, or quasi corporations, cannot be held liable for the negligence of their employees in performing it." 19 R. C. L. p. 1124.

The foregoing states the general rule of law, supported by the overwhelming weight of authority. 24 R. C. L. p. 604; Isidor Gold v. Mayor, etc., of Baltimore, 137 Md. 335, 112 A. 588, 14 A. L. R. 1389, note; Harry Lee Dick v. Board of Education (Mo. Sup.) 238 S.W. 1073, 21 A. L. R. 1327, note; Stovall v. Toppenish School District, 110 Wash. 97, 188 P. 12, 9 A. L. R. 908, note; School District No. 48 v. Rivera, 30 Ariz. 1, 243 P. 609, 45 A. L. R. 762, note; Herman v. Board of Education, 234 N. Y. 196, 137 N. E. 24, 24 A. L. R. 1065, note.

The following excerpt from the opinion of the Arizona court in School District v. Rivera, supra, well expresses the reason underlying this general rule:

"A school district, under our system of government, is merely an agency of the state. As is said in Freel v. Crawfordsville, 142 Ind. 27, 37 L. R. A. 301, 41 N. E. 312: 'They are involuntary corporations, organized not for the purpose of profit or gain but solely for the public benefit, and have only such limited powers as were deemed necessary for that purpose. Such corporations are but the agents of the state, for the sole purpose of administering the state system of public education. * * * In performing the duties required of them they exercise merely a public function and agency for the public good for which they receive no private or corporate benefit. School corporations, therefore, are governed by the same law in respect to their liability to individuals for the negligence of their officers or agents, as are counties and townships. It is well established that where subdivisions of the state are organized solely for a public purpose, by a general law, that no action lies against them for an injury received by a person on account of the negligence of the officers of such subdivision, unless a right of action is expressly given by statute. Such sub-

divisions then, as counties, townships, and school corporations, are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their officers than the state.' Anderson v. Board of Education, 49 N. D. 181, 190 N. W. 807; Board of Education v. Volk, 72 Ohio St. 469, 74 N. E. 646 [18 Am. Neg. Rep. 581]; McClure Bros. v. School Dist., 79 Mo. App. 80.

██ "Such being true, the overwhelming weight of authority naturally is to the effect that school districts are not liable for the negligence of their officers, agents or employees, unless such liability is imposed by statute either in express terms or by implication."

The case of Harry Lee Dick v. Board of Education, supra, from the Supreme Court of Missouri, is singularly similar to the instant case as to the facts alleged upon which recovery was sought, and the conclusion of the court is in accord with the foregoing excerpt from the Arizona court. Immunity from liability in such cases rests upon the broad principle of public policy—the same principle which exempts municipal and other such corporations from like liability in the performance of public or governmental functions.

In such cases, as said by this Court in Hillman v. Anniston, 214 Ala. 522, 108 So. 539, 541, 46 A. L. R. 89: "The doctrine of respondeat superior is not recognized."

But appellant insists that the court has held in Greeson Mfg. Co. v. County Board and Kimmons v. Jefferson County Board, supra, that such a quasi corporation may sue and be sued, and that the language is broad enough to embrace a tort action as well as one in assumpsit. This argument is well answered by the authorities cited in the note to President & Trustees of University of Louisville v. Metcalfe, 49 A. L. R. on page 384, among them that of Overholser v. National Home, 68 Ohio St. 236, 67 N. E. 487, 62 L. R. A. 936, 96 Am. St. Rep. 658, citing Finch v. Board of Education, 30 Ohio St. 37, 27 Am. Rep. 414, more nearly in point. The reasoning is that the power conferred upon such quasi corporations to sue and be sued is not a power to sue and be sued for any cause of action, whether in contract or tort, but to sue and be sued upon such matters only as are within the scope of the other corporate powers of such an institution.

But we need not enter into an extended consideration of this question or examination of the authorities of other jurisdictions, as the case of White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454, is conclusive, and to like effect as above indicated.

It results, therefore, that the ruling of the court below is free from error and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.