155 So. 551

**MONTGOMERY, Superintendent of Banks, v. CITY OF ATHENS.**

8 Div. 589–589A.

Supreme Court of Alabama.

June 7, 1934.

Rehearing Denied June 28, 1934.

R. B. Patton and Edw. Goodrich, both of Athens, and J. P. Mudd and Stephen B. Coleman, both of Birmingham, for appellee.

J. G. Rankin, of Athens, for appellant.

**THOMAS, Justice.**

The case in equity was upon an agreed statement of facts and the pleadings.

The bill in equity against the superintendent of banks, liquidating the affairs of the Farmers' & Merchants' Bank of Athens, Ala., sought a preference for municipal funds deposited in that insolvent bank.

The agreed statement of facts shows that the several deposits were made in due course by the treasurer of the city with the bank, and that they were of three classes: (1) "General fund of the city"; (2) "special tax fund of the city"; and (3) those funds collected under several ordinances designated as Nos. 20, 23, 33, 34, 35, and 36.

These several items are shown to be as follows: (1) "The general funds of the city so on deposit were funds received by the City of Athens for electric lights, water, taxes, fines and costs; the said city being at the time engaged in furnishing its citizens electricity for lighting purposes and operating waterworks." (2) "The special tax fund of the city, on deposit in said bank at the time the same failed and closed its doors, were funds collected by the said city for taxes from the taxpayers within the municipality." (3) "All of the money above referred to as having been money collected under Ordinances Nos. 20, 23, 33, 34, 35 and 36, was money collected by the City Clerk of the City of Athens, Alabama, under improvement ordinances, which improvement ordinances were ordinances drawn under the law of the State of Alabama, and duly adopted in the years 1920 and 1921 with reference to street and sanitary improvements, and that bonds were sold under said ordinances, which are now unpaid and assessments collected by R. A. Smith, City Clerk of Athens, Alabama, who was the city official charged with the duty of collecting said assessments and by him deposited to the credit of said city treasurer and at and by the request of said Howard in said Bank to the several accounts as above designated; that all of said money was on deposit in said bank in the name of said William J. Howard, as Treasurer of the City of Athens, and same was to his credit under the above mentioned funds and ordinances, each being kept separately on the books, *but in truth and in fact said money was not kept, by said bank, separate and apart from the general funds of the bank, but was co-mingled with the other funds, but was at all times prior to December 14, 1931, subject to immediate withdrawal on orders of said city.*" (Italics supplied.)

It is further agreed: "That thereafter on, to-wit, the 2nd day of February, 1932, the City of Athens, Alabama, brought two suits in the Circuit Court of Limestone County, Alabama, upon the official bonds of the said William J. Howard, one of said suits being against the said William J. Howard and the National Surety Company, and the other suit against the said William J. Howard, as principal, and the Royal Indemnity Company, as surety, * * * that said causes came on to be heard before the Circuit Court of Limestone County, Alabama, and, by agreement, a judgment was rendered against the said William J. Howard and the National Surety Company * * * in the sum of $3,625.00, and that another judgment, by agreement, was rendered against said William J. Howard and the Royal Indemnity Company * * * in the sum of $3,500.00, both of which judgments have been paid by the said companies to the said City of Athens, Alabama, prior to the filing of the original bill in this cause; that neither said bank nor the said H. H. Montgomery, as Superintendent of Banks of the State of Alabama, was a party to the agreement by and under which said judgments were rendered."

It is further agreed that other suits are now pending claiming priorities against the assets of the Farmers' & Merchants' Bank, amounting to more than the actual value of the assets of said bank, some of which have been presented to the circuit court, in equity, for allowance, and some of which have been recognized by the superintendent of banks; that, if all of said claims are allowed, the assets of said bank will be insufficient for payment; that the appellee-city has made due demand for preference and payment, and the same was refused by the superintendent of banks; that the payments amounting to $7,125 made by the aforenamed sureties on

the official bonds of the treasurer were after due demand by the authorized official of the city; that there was a legal liability of at least $8,492.60, viz., the amount of the "General Fund" and "Special Tax Fund" on deposit with that bank, leaving a balance due the city of $1,367.60 and interest, which was allowed by the decree for $1,377.60, from which the appeals were taken.

It is averred that the principal in the official bonds and the treasurer of the city of Athens is insolvent and was insolvent when the bank closed; has not paid or accounted for said funds so deposited by him, and the funds in his hands belonging to the city of Athens have not been accounted for or paid by any one, except the two payments herein above mentioned by the National Surety Company and the Royal Indemnity Company, as sureties upon the treasurer's official bonds; that the Farmers' & Merchants' Bank of Athens knew, at the time the funds of the city were placed on deposit, that they were funds of the city of Athens and of the holders of said improvement bonds, and knew from what source these funds were derived; that said treasurer was also a director in the bank and was "the active vice president thereof"; that no part of the amounts paid by the sureties has been paid by the city to the holders of the bonds issued under the city ordinances indicated; that "the City of Athens is, and always has been, a city less than 6000 population, and that the bonds issued under said ordinances are not the general obligations of the said City of Athens, Alabama, but are and were secured by a lien on the several parcels of property in said city, improved under said ordinances, and for which assessments were made and levied against said property"; that "the Farmers & Merchants Bank, of Athens, Alabama, now in process of liquidation, is insolvent; that there are not sufficient assets of said bank to pay all of the claims, common and preferred, against said bank, and that H. H. Montgomery, as Superintendent of Banks of the State of Alabama, is in charge of the liquidation of said bank."

The assignments of error by the appellant-respondent, as superintendent of banks, challenge the action of the circuit court in overruling the demurrer of appellant to the bill of appellee, and to that phase or aspect of the bill in which it is sought to have a trust declared against the assets of Farmers' & Merchants' Bank; and in rendition of its decree that petitioner-appellee is entitled to a pre-ferred claim against the assets of said bank and a lien upon said assets to the extent of $1,377.60, and declaring the claim of petitioner in part a preferred claim.

The question of prerogative right of a state or county to a preference, in a proper case, to be paid from the assets of an insolvent bank, was considered in Montgomery, Superintendent of Banks, v. State (Ala. Sup.) 153 So. 394; [1] Montgomery, Superintendent of Banks, v. Sparks, Tax Collector, 225 Ala. 343, 142 So. 769; Green, Superintendent of Banks, v. City of Homewood, 222 Ala. 225, 131 So. 897; and touched upon in Limestone County v. Montgomery, Superintendent of Banks, 226 Ala. 266, 146 So. 607, 87 A. L. R. 164; Montgomery, Superintendent of Banks, v. Wadsworth, 226 Ala. 667, 148 So. 419. The rule of the former cases is discussed and amplified in Montgomery, Superintendent of Banks, v. State (Ala. Sup.) 153 So. 394,[1] and the extent to which the doctrine of sovereign right will apply exemplified. There is quite a distinction in law between the status of a county and that of a city. A county is an involuntary association created as an arm of the state, that the latter may more properly function; whereas a town or city is a voluntary association created and built upon the voluntary assent of the community and its citizens, and enjoys the privileges and rights given in its charter of creation and the laws governing the same. This distinction between county and city entities is drawn and recognized by text-writers (19 R. C. L. p. 1111; 43 C. J. p. 183; Chafor v. City of Long Beach, 174 Cal. 478, 163 P. 670, L. R. A. 1917E, 685, Ann. Cas. 1918D, 106 and note) and the rule of the general decisions and our Constitution and statutes (Sections 37, 38, section 220 et seq. Constitution; and section 1739 et seq., Code).

It is further established in this jurisdiction that a city or town engaging in the business of furnishing electric lights, water, etc., is not in the exercise of governmental powers or functions, but of proprietary or business powers, and it is governed by the same rules of law applicable to persons or ordinary business corporations engaged in a like business. Town of Athens v. Miller, 190 Ala. 82, 66 So. 702; City of Birmingham v. Whitworth, 218 Ala. 603, 119 So. 841. See, also, 19 R. C. L. p. 691 et seq., § 4; pp. 696, 697, §§ 8 and 9.

We are of opinion, and so hold, that there is no prerogative right in the city of

---

[1] 228 Ala. 182.

Athens, and therefore no preference in the payment of its claims over the general depositors and creditors of the bank; and that there was no unauthorized or unlawful deposit of funds, of the several classes indicated, that created a trust relationship, in the funds remaining in the bank, between the bank and the community, which gave a superior right and lien on the general funds and assets of the insolvent bank.

The most that the city is entitled to, if at all, is to share ratably with other depositors in distribution of the assets of the insolvent bank; thus we dispose of the assignments and cross-assignments of error.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.