163 So. 802

## CITY BOARD OF EDUCATION OF ATHENS et al. v. WILLIAMS, Superintendent of Banks, et al.

### 8 Div. 637.

Supreme Court of Alabama.
Oct. 17, 1935.

Carl G. Moebes and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellants.

J. G. Rankin, of Athens, for appellees.

FOSTER, Justice.

This is a suit in equity to establish a preference in favor of the city board of education of Athens for school funds being administered by that authority, and which were deposited in a bank now in liquidation, when the deposit was made by the treasurer of that fund without authority of law.

There is no effort to trace it as a trust fund, but the claim is based upon the prerogative right of the state so often de-

clared by this court in recent cases. There were three separate accounts in the bank made by the treasurer, each distinguished by the source of the revenue or the purpose for which it was to be used: (1) called "High School Building Fund," $21.04; (2) "City Schools," $210.10; (3) "District 34 Three Mill Tax," $668.75.

■ We think that the error which affected the decree of the court in finding that the funds were not state school funds was the emphasis placed upon the contention that the city board of education was an agency of the city and not the state, and should be placed in the same classification as a city in respect to this question. But, whatever may be its classification, as a city or state agency, and whether its creation is a feature of the charter powers granted to the cities by law or the Constitution, and whether it is a voluntary organization as an integral part of a city which is voluntary, questions which we do not consider controlling, the inquiry is dependent, we think, upon the qualities of the fund it is administering. Any person or authority, however set up, may be designated for the purpose of administering state funds, and the nature of the fund may not be affected by the constituent qualities of the agency.

It is important, in considering the qualities of a fund belonging to a county and created for county purposes, to determine whether a county is an involuntary creature of legislation and an arm of the state (Montgomery v. State, 228 Ala. 296, 153 So. 394), as is also an inquiry into the nature of the funds of a city owned and controlled by it (Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551). But such determination is immaterial when it is otherwise shown that the funds to be administered are essentially state funds in the possession of an authority designated and controlled by state legislation, whether by self-executing constitutional ordinances or acts of the state Legislature.

If the Constitution raises the fund and directs its use in furthering a state function, it continues to be such a state fund regardless of the sort of agency designated to administer it. Likewise if the Legislature makes an appropriation of the state's funds to be so used.

■ We also think that all contributions from individuals and public or private corporations (section 258, Constitution), including cities, to the public school funds of the state, partake of the same nature as other moneys donated to public school purposes, after they have been placed under the power and control of the agencies created by law to administer them as such public school funds. They all then become of the same sort, regardless of their original source. Section 212, School Code.

In our recent case of Williams v. State for Use and Benefit of Pickens County, 230 Ala. 395, 161 So. 507, we considered the three-mill tax fund in respect to the rights of the county schools. The state filed a petition such as this claiming a preference similar to that we are now considering for the use of that county. The suit did not distinguish between its use, whether for rural or city schools, nor consider the authority which would administer the fund when it reached the county. The court was considering, not only the county tax of three mills, but also the district tax voted for, levied, and to be expended in the respective school districts, and held that they were all public school funds of the state created to further its state-wide system of public schools. It was therefore immaterial to this question what school belonging to that system had the direct benefit of that item of school funds, and it was further immaterial, as a natural result, what sort of agency was administering it. See Act of March 10, 1933, Ex. Sess., § 4, pp. 51, 52.

■■ The agreed statement of facts here is to the effect that the amount of $668.75, to which we have referred, represents money received from the tax collector of Limestone county, collected under assessments in district No. 34 of that county, being the city of Athens, by authority of section 280 of the School Code of 1927. That is the three-mill tax authorized by constitutional amendment. Code of 1923, p. 429, No. 3, § 2. Such funds shall be used for the exclusive benefit of the public schools of such district; in rural districts by the county board; in cities by the city board. Section 289, amended by Acts 1931, p. 559. Their nature and qualities are not affected by the circumstance that the county board or city board shall administer them, nor by characteristics of the administering board.

The facts further show that the item of $210.10 represents money appropriated to the city board of Athens by the county board under section 246, School Code, and

by the city council of Athens; the amount by each is not shown. The fund thus apportioned by the county board remains a portion of the state school fund, for section 246, construed in connection with section 256, Constitution, shows that to be true. See Harman v. Ide, 224 Ala. 414, 140 So. 418; State v. Board of Education, 214 Ala. 620, 108 So. 588.

When the city makes an appropriation to school purposes (section 212, School Code; White v. Mayor & Council of Decatur, 119 Ala. 476 (3), 23 So. 999), and causes it to be set apart and held by its treasurer as treasurer of the school fund (section 196, School Code), it is no longer a part of the city funds, but at once becomes as other funds so in possession of the treasurer of the city board (section 212, supra). All such money is then held by it for the state system of schools, regardless of its source, to be expended directly for the benefit of those situated in that city.

The facts do not show the source of the "High School Building Fund," but state that the treasurer of the city board of education had it on deposit as described. We think that circumstance fixes it as other public school funds of the state, but held for high school building uses.

■ But it is insisted that the city board cannot maintain this suit. Section 132, School Code, gives county school boards the right to sue and contract. They are created by section 86. They have been held to be quasi corporations with the right to sue and be sued. Turk v. Board of Education of Monroe County, 222 Ala. 177, 131 So. 436; Greeson Mfg. Co. v. County Board of Education, 217 Ala. 565, 117 So. 163; Kimmons v. County Board of Education, Jefferson County, 204 Ala. 384, 85 So. 774. The city boards are designed with quite similar powers and authority. Section 188 et seq., School Code. But they are not given the broad power to sue as are county boards by section 132. On the other hand, section 201 provides that any suit at law or equity for the recovery and protection of money and property belonging to and used by the public schools or for damages shall be brought by and in the name of the city.

This suit is by the city board and its treasurer, without joining the city of Athens as a party. We take occasion here to say that the provision for suit by the city does not militate against the discussion we have here made as to the nature of the school fund. Recovery in any such suit would be for use by the city board of education, as the administering agency. We think that the city board is a quasi corporation for the same reason that a county board is such. It has the right to sue and be sued, except as otherwise provided, as by section 201. See section 208.

This is a proceeding authorized by section 6312, Code (Jackson v. Whitesell, 213 Ala. 369, 104 So. 662; Walker v. Mutual Alliance Trust Co., 196 Ala. 154, 71 So. 697), and has been frequently used. Its purpose, as used in this suit, is not to have a personal judgment for the collection of a debt, but to fix its status as a preferred claim, so that the superintendent of banks liquidating the affairs of the bank may know how to treat it. It is statutory, and was begun by an authority authorized to receive and receipt for the money, and to present the claim as preferred to the liquidating agent. Whatever may be the limitations of section 201 upon its right to sue as in ordinary cases, and thereby to distinguish it from county boards, we are of the opinion that the city board has the right to pursue the course here followed as incidental to its rights otherwise clearly existing by virtue of the various statutes.

■ The general rule in equity is that both the legal and equitable owners of the fund or property involved must be before the court. Moore v. Pope, 97 Ala. 462, 11 So. 840; McGhee v. I. & T. Nat. Bank, 93 Ala. 192 (7), 9 So. 734.

Here such ownership is vested in the city board of education. The city of Athens is neither the legal nor equitable owner of the fund. The circuit court had the right to render final degree with the parties so constituted. Section 6645, Code. We think that it should have declared by its decree that the claims which we have here set out are preferred, and that it should not have dismissed the petition.

The judgment of the circuit court is reversed, and one here rendered so adjudging.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.