12 So.2d 319

**STATE ex rel. McQUEEN, Atty. Gen., et al.**
**v. BRANDON et al.**
**3 Div. 389.**

Supreme Court of Alabama.

Feb. 25, 1943.

Wm. N. McQueen, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for appellants.

Irvine C. Porter, of Birmingham, for appellee Fernandez.

64

**THOMAS, Justice.**

The appeal presents a construction of a statute. Code 1940, T. 55, § 334.

This cause arose out of an accident caused to one of the respondents, Olivia H. Fernandez, when she was hit by a truck that belonged to the City Board of Education of Birmingham, Alabama, and who is one of the petitioners for writ of prohibition. As a result of this accident Olivia H. Fernandez filed a claim for personal injuries with the state board of adjustment, alleging that she was injured to the extent of $1,000 as a result of the accident, caused by the negligent operation of the truck belonging to the City Board of Education of Birmingham by one of the city board's agents, servants or employees.

The attorney general upon whom is placed the duty of representing the state before the board of adjustment, Code 1940, T. 55, § 333 et seq., filed a motion to dismiss the claim on the ground that the state board of adjustment has no jurisdiction of the claim, it being a claim arising from the negligence of an agent, servant or employee of the city board of education, and that a city board of education is not an agency, commission, board, institution or department of the state within the purview of the statutes creating the board of adjustment.

Counsel for respondent in writ of prohibition filed with the state board of adjustment a motion to strike the attorney general's motion to dismiss. The board of adjustment denied the motion to dismiss, granting claimant's (Olivia H. Fernandez's) motion to strike the attorney general's motion to dismiss.

Whereupon the attorney general filed in the circuit court a petition for writ of prohibition directed to the State Board of Adjustment, to compel that body to refrain from hearing said claim on its merits or from further proceeding in said cause: and prayed that a writ of prohibition, or other appropriate remedial writ, so ordering the board, be issued.

To this petition for writ of prohibition, the respondent Olivia H. Fernandez filed a special plea, in which she contended that a writ of prohibition should not issue in this cause because the state board of adjustment is not a judicial body. The attorney general moved to strike this special plea on the ground that the state board of adjustment is a judicial or quasi-judicial body and that petitioner had no other legal remedy. The circuit court granted the attorney general's motion to strike said special plea of Olivia H. Fernandez, challenging jurisdiction.

Respondents then filed demurrers to the attorney general's petition for writ of prohibition, stating as grounds that, the city boards of education were agencies, commissions, boards, institutions or departments within the purview of the statutes creating the state board of adjustment. Upon consideration of that demurrer, the trial court sustained the same, and petitioners for prohibition refusing to plead further, final judgment rendered for the respondents, the state board of adjustment and Olivia H. Fernandez. From this judgment of the circuit court, petitioners appeal to this court.

■ The first question presented for decision touches the subject of availability of writ of prohibition as means of controlling administrative or executive boards or officers. The text and authorities collected in 115 A.L.R., page 4, are illuminating. The statement of the text and authorities collected from this and other states on the subject are:

"And in Bacon's Abridgement the subject of Prohibition is thus introduced: 'As all external jurisdiction, whether ecclesiastical or civil, is derived from the Crown, and the administration of justice is committed to a great variety of courts, hence it hath been the care of the Crown that these

courts keep within the limits and bounds of their several jurisdictions prescribed them by the laws and statutes of the realm. And for this purpose the writ of prohibition was framed; which issues out of the superior courts of common law to restrain the inferior courts, whether such courts be temporal, ecclesiastical, maritime, military, etc., upon a suggestion that the cognizance of the matter belongs not to such court.'

"It is implicit in these definitions, and it is the well-settled general rule in the absence of a statute or constitutional provision extending the scope of the common-law writ of prohibition, that the writ lies only against *officers possessing or assuming functions or powers of a judicial character, and it will not issue to prevent performance of ministerial or administrative acts or functions.* [Italics supplied.]

"*United States.* United States v. Berry, D.C., 1880, 4 F. 779, 2 McCrary 58.

"*Alabama.* Atkins v. Siddons, 1880, 66 Ala. 453; State ex rel. Turner v. Bradley, 1901, 134 Ala. 549, 33 So. 339; Goodwin v. State, 1906, 145 Ala. 536, 40 So. 122; Commissioners' Ct. v. State, 1907, 151 Ala. 561, 44 So. 465; State Tax Commission v. Bailey & Howard, 1913, 179 Ala. 620, 60 So. 913."

█ In State Tax Commission v. Bailey & Howard, 179 Ala. 620, 632, 60 So. 913, 917, it was held: " * * * A judicial officer or body will not be restrained by the writ of prohibition from doing an act although unauthorized, unless the said act is of a judicial nature. Washington County v. [State ex rel.] Bowling, 151 Ala. 561, 44 So. 465; State v. Bradley, 134 Ala. 549, 33 So. 339. * * *"

█ The recent decisions of this court are to the effect that a writ of prohibition may be directed by a superior court to an inferior court or judicial tribunal, and issue to prevent usurpation of judicial power by inferior jurisdictions when other remedies are ineffectual. State ex rel. Radcliff v. City of Mobile et al., 229 Ala. 93, 155 So. 872 (to the city commission); Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32 (to circuit court to desist from proceeding in a matter material to the administration of the democratic executive committee in the determining of a primary election and to prohibit the committee from action on the contest).

In the case of Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775, 776, it is held:

"A county board of education, whose funds are state funds, can sue and be sued to a limited extent, but not on a claim arising from negligence of one of its servants because board is an independent agency of the state, though not immediate, and is acting in a governmental capacity.

"The Legislature by statute giving Board of Adjustment authority over claims for damages to a person growing out of any injury done him by the state of Alabama or any of its agencies, commissions, boards, institutions, or departments intended to extend jurisdiction of board to all state agencies whether immediate or remote while they are engaged in governmental functions so as to be immune from suit on claims of the sort enumerated, and hence the board was authorized to hear a claim for negligence of a servant of a county board of education. Code 1940, Tit. 55, § 334."

█ We hold that under our decisions, the action of the state board of adjustment may be subject to a prerogative writ in a proper case by a higher court having the power of supervision.

The next and primary question that is raised on this appeal is *whether or not a city board of education is an agency, commission, board, institution, or department of the State of Alabama within the purview of the statutes creating the state board of adjustment and the due discharge of its functions and powers?*

The statutes affecting the State Board of Adjustment are found in Code of Alabama 1940, T. 55, §§ 333, 334. Section 334 thereof sets out the powers and jurisdiction of the board and provides, in part, as follows: "The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider all claims for damages to the person or property growing out of any injury done to either the person or property by the State of Alabama or any of its agencies, commissions, boards, institutions or departments; * * *. The jurisdiction of the board of adjustment is specifically limited to the consideration of the claims hereinabove enumerated, and no others. * * *."

██ The statutes creating and defining the powers of the board of adjustment are to be strictly construed. The statutes did

not create a right but granted a privilege in the exact terms employed. In Turner v. Lumbermens Mut. Ins. Co., 235 Ala. 632, 635, 180 So. 300, 303, it is said: "* * * And the State Board of Adjustment, so set up, was of limited jurisdiction and powers, and may exercise only the jurisdiction and powers conferred by the said statute, which is set out in Lee, State Comptroller, v. Cunningham, 234 Ala. 639, 176 So. 477; John E. Ballenger Const. Co. v. State Board of Adjustment et al., 234 Ala. 377, 175 So. 387; Dunn Const. Co., Inc., v. State Board of Adjustment et al., 234 Ala. 372, 175 So. 383."

To determine whether or not a city board of education is an agency, commission, board, institution or department of the State of Alabama, as enumerated in the acts, Acts of 1935, p. 1164; Acts of 1939, p. 602; Code 1940, T. 55, § 333 et seq., we must consider the statutes creating and regulating city boards of education, as now codified. Code 1940, T. 52, §§ 148–176. Its section 152 provides that the members of city boards of education shall be elected by the city council or commission; and its section 161 provides that suits brought by ctiy boards of education shall be brought in the name of the city. 1927 School Code, § 201. It is apparent from this that city boards of education are closely related to the city governing body; and that a city board of education has a somewhat similar relation to a county board of education as does a city to a county in which it is located.

It is established that there is a distinction in law between the general status of a county and that of a city, viz: that a county is an involuntary association created as an arm of the state, whereas a city is a voluntary association created by the will of its inhabitants. Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551.

Under the 1927 School Code, §§ 108–113, and the Acts of 1935, p. 1090, codified in Code of 1940, T. 52, § 82, provision is made for the consolidation of city boards of education and county boards of education by a vote of the qualified electors expressing such desire. It further provides for the administration of such consolidated schools for such area by the county board of education. This section evidences a relation between city and county boards of education similar to that existing between cities and counties.

In the case of Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775, 777, the court held that county boards of education were agencies of the state within the purview of the statutes creating and regulating the state board of adjustment. It is said:

"* * * the Legislature makes the appropriation and imposes the duty on the board to find facts and draw deductions within defined limitations. The legislative act then operates upon that finding. State v. Inman, 239 Ala. 348, 195 So. 448; Dunn Const. Co. v. State Board, 234 Ala. 372, 175 So. 383; Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868; Ballenger Const. Co. v. State Board of Adjustment, 234 Ala. 377, 175 So. 387; Turner v. Lumbermens Mut. Ins. Co., 235 Ala. 632, 180 So. 300. Compare Opp Cotton Mills v. Administrator of Wage and Hour Div. of Dept. of Labor, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624.

"This Court has held that a county board of education could sue and be sued to a limited extent, but not on a claim arising from the negligence of one of its servants or agents because it is an independent agency of the State, not one which is immediate, but nevertheless it is acting in a governmental capacity. * * * A county board of education, while not an immediate agency of the State, acts in a public and governmental capacity, and therefore is not liable for the torts of its agents and employees, while so engaged, but is ordinarily otherwise subject to suit. Its funds are State funds. State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892; Williams v. State, for Use and Benefit of Pickens County, 230 Ala. 395, 161 So. 507.

"So that it seems to us to have been probably intended by the Legislature to extend the jurisdiction of the Board of Adjustment under section 334, supra, to all State agencies, whether immediate or more remote, while they are engaged in governmental functions so as to be immune from suit on claims of the sort there enumerated. We do not see any reason why we should say that the Legislature intended to include some but not all of the State agencies which are engaged in a governmental capacity, and are immune from suit to that extent. The terms of the statute do not make such a distinction, neither does the purpose of the enactment as we understand it and as expressed in section 344, supra.

"We have reached the conclusion that the demurrer to the petition for mandamus should not have been sustained and the

petition dismissed on account of a want of authority in the Board of Adjustment to entertain the claim set forth in the petition."

State's counsel say: "We anticipate that it will be argued that city boards of education are similar in nature to county boards of education and should, therefore, in view of the Hawkins decision, supra, be considered as agencies of the state within the purview of the statutes regulating and creating the State Board of Adjustment." It is submitted, however, by the state that the distinction that exists between a city and a county exists between a city board of education and a county board of education; and that the reasoning that led the court in the case of Montgomery v. City of Athens, 229 Ala. 149, 155 So. 551, to hold that a city as to its general funds does not have the prerogative right of a state or county in a preference in the distribution of moneys of a bank in process of liquidation, should be used here to the effect that a city board of education is not an agency of the state within the purview of the board of adjustment statutes.

The question of prerogative right is declared, on the authorities and cases cited, in Montgomery, Supt. of Banks, v. City of Athens, 229 Ala. 149, 152, 155 So. 551, 552, in the following manner: "The question of prerogative right of a state or county to a preference, in a proper case, to be paid from the assets of an insolvent bank, was considered in Montgomery, Supt. of Banks, v. State, [228 Ala. 182] 153 So. 394; Montgomery, Superintendent of Banks, v. Sparks, Tax Collector, 225 Ala. 343, 142 So. 769; Green, Superintendent of Banks, v. City of Homewood, 222 Ala. 225, 131 So. 897; and touched upon in Limestone County v. Montgomery, Superintendent of Banks, 226 Ala. 266, 146 So. 607, 87 A.L.R. 164; Montgomery, Superintendent of Banks, v. Wadsworth, 226 Ala. 667, 148 So. 419. The rule of the former cases is discussed and amplified in Montgomery, Superintendent of Banks, v. State [228 Ala. 182], 153 So. 394, and the extent to which the doctrine of sovereign right will apply exemplified. There is quite a distinction in law between the status of a county and that of a city. * * *"

Such is not the case as to moneys appropriated by the state to the educational funds of cities. As to this the attorneys for this petition say that the city boards of education, as well as cities, are agencies of the state *for certain purposes;* and that the

consideration of the statutes affecting the statutory duties of the state board of adjustment shows that city boards of education are not included as agencies of the state; and that Code 1940, T. 55, §§ 340–343, support this insistence, as follows:

"§ 340. Determination of agency inflicting damage.—The board of adjustment in its findings of facts and its findings and decrees as to the amount of payment may also find the agency, commission, board, institution, or department of the State of Alabama which inflicted the injury or damage complained of, if it finds there is injury or damage done to persons or property, and may adjudge and find that said damage shall be paid out of the appropriation made to the agency, commission, board, institution or department of the State of Alabama whose employees, servants, agents or instrumentalities inflicted the damages and injuries complained of. Provided, however, that the board of adjustment may order the payment of any claim out of any fund or funds appropriated for the purposes of this article."

It is further the argument of the state's counsel that if it is held that a city board of education is such an agency of the state, and if the board of adjustment determines that the city board of education, against whom the claim was filed, was guilty of negligence, and in pursuance of Section 340, supra, and if it is the desire of the board of adjustment to decree that the award shall be paid out of the funds of the city board of education, how could that board enforce its order, in that Section 341, Code 1940, T. 55 provides that the comptroller of the state shall draw his warrant in favor of the person indicated and "shall charge the same to the appropriation as directed in said findings or decrees." It is true that city boards of education, as such, have *no direct appropriation* from the state. Yet there are state moneys that the legislature appropriates to reach city boards of education for educational purposes. In view of the elaborate financial system set up for all school funds (Code 1940, T. 52, §§ 198 through 245, which includes the minimum program fund), to deduct the award from the appropriation to the public school fund, it is urged, that the comptroller could not comply with § 342, T. 55, Code 1940.

In reply to the insistences of the state's counsel, it is indicated that in the case of Turk v. Board of Education, 222 Ala. 177, 131 So. 436, this court held, upon the broad

principle of public policy, that boards of education were immune from liability for torts of its servants or agents committed when said servants or agents were engaged in the line or scope of their employment by such boards in the proper functions of such boards of education. In the Turk case the fund in question was that of the county board of education. The opinion treated such subdivisions then as counties, townships and school corporations, and stated that they are instrumentalities of government, organized solely for a purpose by general law and for the administration of educational funds as stated.

The aforesaid case was, no doubt, the authority upon which the City Board of Education of Birmingham refused to consider paying any award to the claimant in this matter. That is, upon presentation of Miss Fernandez' claims for injuries suffered to the City Board of Education of Birmingham, the board claimed immunity therefrom because of the principles announced in the Turk Case, supra, and regarded itself as a matter of law entitled to the protection of the sovereign immunity that obtained and is applicable to the state and to its various departments and agencies, while engaged in the performance of the duties and responsibilities connected with the educational system of the state.

It may be stated, in short, that the facts in the case are, regardless of what name may be given the body discharging the duties involved here, or regardless of the manner in which the personnel of that body is selected, the inescapable facts are that the essential function being performed by the particular body involved (whether it be the city board of education or the county board, a district or a state board), is fulfilling the duties and the carrying out the policies of the sovereign state in educating its youth, under a system of education which the State of Alabama has established for all its educational effort, supervised, administered and maintained as a *system established and perpetuated by virtue of the sovereign right of the state to educate its people*. This is the effect of our decisions. Turk v. Board of Education, 222 Ala. 177, 131 So. 436 (wherein it is held that the board of education is not liable for torts); Ex parte Board of School Commissioners of Mobile County, 230 Ala. 304, 161 So. 108 (involving a garnishment suit); State v. Tuscaloosa County, 233 Ala. 611, 172 So. 892 (a case involving touching school

funds); Williams v. State, 230 Ala. 395, 161 So. 507 (wherein the school funds are protected); City Board of Education of Athens v. Williams, 231 Ala. 137, 163 So. 802 (wherein the school funds are protected); Hawkins v. State Board of Adjustment, 242 Ala. 547, 7 So.2d 775 (wherein it was held that the instant board had authority to hire a clerical force to carry out its duties).

Appellee specifically cites an excerpt from the case of City Board of Education v. Williams, supra, 231 Ala. 137, 163 So. 802, 803, which is illustrative of the position taken in this case:

"We think that the error which affected the decree of the court in finding that the funds were not state school funds was the emphasis placed upon the contention that the city board of education was an agency of the city and not the state, and should be placed in the same classification as a city in respect to this question. But, whatever may be its classification, as a city or state agency, and whether its creation is a feature of the charter powers granted to the cities by law or the Constitution, and whether it is a voluntary organization as an integral part of a city which is voluntary, questions which we do not consider controlling, the inquiry is dependent, we think, upon the qualities of the fund it is administering. Any person or authority, however set up, may be designated for the purpose of administering state funds, and the nature of the fund may not be affected by the constituent qualities of the agency.

\*   \*   \*   \*   \*   \*

"This suit is by the city board and its treasurer, without joining the city of Athens as a party. We take occasion here to say that the provision for suit by the city does not militate against the discussion we have here made as to the nature of the school fund. Recovery in any such suit would be for use by the city board of education, as the administering agency. We think that the city board is a quasi corporation for the same reason that a county board is such. It has the right to sue and be sued, except as otherwise provided, as by section 201 [Code 1940, Tit. 52, § 161]. See Section 208 [Code 1940, Tit. 52, § 168]."

The rational interpretation of this feature of the statute is that the state board of adjustment acts as a fact-finding body for the legislature, and in so acting is proceeding as a quasi-judicial body for the

State of Alabama, its agencies, commissions, boards, institutions or departments, within the provisions of the Act of 1935, p. 1164; Acts 1936–37, Ex.Sess. p. 205, Code 1940, T. 55, §§ 333 and 334 et seq.

It is established that there is a definite status in the law as to the public educational system of the state, involving its rural, city and county schools. It is immaterial whether the state's funds are administered by one or the other, by a combination of any of them or directly by the state itself. It is for the same beneficent purpose.

There is no conflict in the decisions in the companion cases dealing with the general funds of the City of Athens, its prerogative, sovereign right of preference, and the City Board of Education of Athens was held to be entitled to and given a preference in the distribution of funds of a defunct bank. City Board of Education of Athens et al., v. Williams, 231 Ala. 137, 163 So. 802; Montgomery, Supt. of Banks, v. City of Athens, 229 Ala. 149, 155 So. 551. In the case involving the general funds of the city, Athens was refused relief under the rule of priority or sovereign right, while the city board of education was granted relief as to the public school moneys of the municipality, under the rule that obtained as to such moneys. Practically the same facts obtained in both of these cases and this court held that the city could not claim a preference under the rule of sovereign immunity for its general funds, but the city board of education could maintain a preference as to the educational funds under the rule of sovereign immunity. In the last case the funds were held to be a part of the funds for the educational system of the state and to such extent the moneys of the city board of education were those of an agency of the state, protected and preferred under the just rule of sovereign immunity. City Board of Education of Athens et al., v. Williams, 231 Ala. 137, 163 So. 802.

Employing the language of that opinion, we think that the city board of education was there acting as a quasi corporation for the same reason that a county board is such in the administration of its educational funds. The case of City Board of Education of Athens v. Williams, 231 Ala. 137, 163 So. 802, has been approved in State et al. v. Williams, Supt. of Banks, 236 Ala. 272, 274, 181 So. 792, where this court, in considering the qualities of a fund belonging to the county or city and controlled as a part of the educational or public school funds of the state, fully defined, the difference between the general fund and educational funds of the city.

 We have indicated the purpose for which the State Board of Adjustment was created. The act of the legislature created a means of extending a measure of compensation or relief to citizens entitled thereto, who unfortunately suffered injury occasioned by the state or some of its agencies, commissions, boards or institutions or departments, while engaged in the performance of the sovereign functions or duties of the state, and for which the rule of sovereign immunity exempts the state and its respective agencies, commissions, boards, institutions or departments from any other duly recognized form of legal action to compensate for such unlawful act and proximate injury.

We are of opinion and hold that the state board of adjustment, composed on that hearing of John Brandon, Arthur Forsyth and Walter Lusk, acted within their powers under the act in question on the petition of Olivia H. Fernandez. We hold that there was no error in entertaining said petition and no error was committed in rendering judgment for said respondent.

Writ of prohibition is denied.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BROWN, J., dissent.

LAWSON, J., not sitting.