Douglas O'Neal Whitman was employed by the Walker County Board of Education ("the Board") as the head football coach of Parrish High School. As part of his duties as football coach, he maintained the grounds at the stadium and maintained the structures appurtenant thereto. While Whitman was in the press box obtaining signs to place on the field, he fell through a hole in the floor and sustained severe injuries. Subsequently, he filed a claim with the Board of Adjustment of the State of Alabama. The Board of Adjustment awarded him $23,000, and he received his money by indorsing a check from the state that contained the following words on the back:
 "By endorsing this check, I release the State of Alabama and its departments, agencies, employees, etc., from all claims arising out of the injuries/damages described in the claim for which the award is made."
Thereafter, Whitman sued the Board in the Circuit Court of Walker County, alleging that he had been permanently injured because the Board had breached an express or implied contract to provide him a safe place to work and had negligently failed to perform contractual obligations to him. The Board moved for a summary judgment, claiming that Whitman's claim was barred because he had signed a release and had been paid by the state. The trial court granted the Board's motion, holding in part as follows:
 "2). [Whitman] is barred from bringing this action against the [Board] . . . which is based upon the same facts which were made the basis of the claim which he made before the [Board of Adjustment,] which claim was settled with the payment to [Whitman] of . . . ($23,000.00) and the execution of a release by [Whitman].
 "3). [The Board] . . . come[s] within the terms of the release since the [Board] is an agency of the State of Alabama as is shown in Belcher v. Jefferson County Board of Education, 474 So.2d 1063
[(Ala. 1985),] and in a similar case pertaining to City Boards of Education entitled State ex rel. McQueen v. Brandon, 244 Ala. 62, 12 So.2d 319
[(1943)]."
Whitman appeals. We affirm.
Pursuant to Ala. Code 1975, § 12-21-109, "[a]ll . . . releases . . . in writing . . . must have effect according to their terms and the intention of the parties." In the absence of fraud (which Whitman does not allege), a release supported by valuable consideration and unambiguous in meaning will be given effect according to the intent of the parties, that intent to be judged by the court from what appears within the four corners of the instrument itself. Jehle-Slauson ConstructionCo. v. Hood-Rich, Architects Consulting Engineers,435 So.2d 716 (Ala. 1983). *Page 483 
In this case, the release clearly states that by indorsing the check, Whitman effectively released the State of Alabama and its agencies from all claims arising out of the injuries and damages he sustained in regard to the claim for which he was awarded $23,000. It is undisputed that the claim Whitman made in the circuit court arose out of the injuries and damages that he sustained in the claim that he made before the Board of Adjustment and for which he received the $23,000 award. Furthermore, as the trial court correctly held, the Walker County Board of Education is an agency of the state. "County boards of education are not agencies of the counties, but local agencies of the state. . . ." Belcher v. Jefferson County Bd.of Educ., 474 So.2d 1063, 1065 (Ala. 1985); see Ala. Code 1975, §§ 16-8-8, -9; see, also, Hutt v. Etowah County Bd. of Educ.,454 So.2d 973 (Ala. 1984). The Board is not an unnamed third party, referred to in the release as "any and all parties" or by words of like import, but is a named party, as an agency of the state. See Green v. Wedowee Hospital, 584 So.2d 1309 (Ala. 1991).
Based on the foregoing, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.