I cannot agree with the majority that Mrs. Hampton's claims are barred by the release. It is undisputed that Mrs. Hampton executed the release for the settlement of an unrelated lawsuit that concerned her husband's insurance policy only, and that neither party was aware of Mrs. Hampton's claims, arising out of a totally separate policy, at the time the release was executed.
In the absence of fraud, an unambiguous release supported by valuable consideration will be given effect according to the intent of the parties. Whitman v. Walker County Bd. ofEducation, 591 So.2d 481 (Ala. 1991); § 12-21-109, Ala. Code 1975. The court should determine the parties' intent according to the terms found within the four corners of the instrument itself. Id.
The release itself shows that the clear intent of the parties was to release Liberty from any and all claims arising out of or relating to Mr. Hampton's insurance policy — the policy upon which the 1990 lawsuit was based. The parties clearly did not intend to release Liberty from liability for claims, then unknown, which concerned a separate insurance policy belonging to Mrs. Hampton.
I would reverse the trial court's summary judgment; therefore, I must respectfully dissent.